In the Matter of EDWARD J. FILIPOWICZ, as Judge of the City Court of the City of Poughkeepsie, Respondent. TEMPORARY STATE COMMISSION ON JUDICIAL CONDUCT, Petitioner.

Second Department, November 22, 1976

*Gerald Stern (Frank A. Finnerty, Jr.,* and *Bernard Persky* of counsel), for petitioner.

*Bernard Kessler* for respondent.

*Per Curiam.* The respondent, a part-time Judge of the City Court of the City of Poughkeepsie, was appointed to that office for a four-year term in January, 1970 and to a further four-year term in January, 1974.

The petition contains 10 charges (subpars A through J of par Sixth), one of which (subpar H) was withdrawn. The Justice of the Supreme Court to whom the issues herein were referred has submitted his report to this court, in which he concluded that a portion of the charges contained in subparagraphs C, F and G had been sustained and that the remainder of the charges contained in the petition had not been sustained. The petitioner moves to confirm the report insofar as it finds that the charges were sustained and to disaffirm the report insofar as it finds that the charges were not sustained. The respondent cross-moves to confirm the report insofar as it finds that the charges were not sustained and to disaffirm the report insofar as it finds that the charges were sustained.

With respect to subparagraph C, the Referee found that, in the course of proceedings to correct the transcript of a trial, the respondent had engaged in an ex parte communication with an attorney representing one of the parties in violation of section 33.3 (subd [a], par [4]) of the Rules Governing Judicial Conduct of the Administrative Board (22 NYCRR 33.3 [a] [4]).

With respect to subparagraph F, the Referee found that the respondent engaged in a private conversation with two police officers in connection with an arrest, thus giving rise to an appearance of impropriety.

In our opinion, the Referee's findings with respect to subparagraphs C and F are sustained by the evidence and should be confirmed.

The Referee found that subparagraph G, which charged the respondent with giving false testimony before the Temporary State Commission on Judicial Conduct, had been sustained in part. In our opinion, the charge contained in subparagraph G, insofar as it was sustained by the Referee, is not supported by a fair preponderance of the evidence and the Referee's finding in that respect should be disaffirmed. The findings of the Referee with respect to the charges contained in the petition are confirmed in all other respects.

Accordingly, the petitioner's motion is granted to the extent that the Referee's findings sustaining a portion of the charges contained in subparagraphs C and F are confirmed, and the motion is otherwise denied. The respondent's cross motion is denied to the extent that the Referee's findings sustaining a portion of the charges contained in subparagraphs C and F are confirmed, and the cross motion is otherwise granted.

In substance, the foundation for the portion of the charge contained in subparagraph F which we have confirmed commenced with the respondent's appearance at the Poughkeepsie police station in connection with criminal charges made against one Harold Ahrens, his friend or acquaintance. It was alleged that, while driving through an intersection, Mr. Ahrens' automobile brushed against one of the complaining police officers. Thereafter, and pursuant to a telephone call, the respondent appeared at the police station. It is alleged that the charges were withdrawn after he engaged in a conversation with the police officers and that a general release, drawn by the respondent, was executed by Mr. Ahrens,

in which he released the City of Poughkeepsie from any claim arising from his arrest.

There is some conflict in the testimony as to whether the respondent negotiated the withdrawal of the charges or whether that was accomplished between the parties themselves. In view of the subjective nature of the testimony we have given the respondent the benefit of doubt on that issue.

Six present or former City Judges or Town Justices testified that they often received telephone calls at their homes summoning them to police stations to arraign defendants and set bail. Some of them testified that in such cases they often arraigned, and thereafter tried, persons who were former clients because there was no alternative to such procedure.

While we realize that in small communities, part-time Judges or Justices, many of whom are principally engaged in the practice of the law, know many, if not most, of the people in their community, and may, in exigent circumstances, be required to preside over arraignments and bail applications, we cannot countenance the apparently prevailing practice in which such judicial officers sit in judgment in cases in which they formerly had an attorney-client relationship with the litigant. Hereafter any such conduct by a judicial officer, whether full or part-time, may well be met with removal of the offender from office.

While the charges which have been confirmed do not justify the extreme penalty of removal, we find that the respondent's conduct was improper and he should be, and hereby is, censured therefor.

GULOTTA, P. J., MARTUSCELLO, LATHAM, COHALAN and DAMIANI, JJ., concur.