Per Curiam.

Respondent is a part-time Town Justice in the Town of Fallsburg in Sullivan County. He is also an attorney, having been admitted to practice in 1963, and has maintained a private law practice since his election as Justice in 1968.
The present proceeding was commenced in January, 1978 by order of the Court on the Judiciary. A formal complaint containing 27 charges of judicial misconduct was served on January 31, 1978. Respondent answered on May 8, 1978 and on June 13, 1978 the court appointed The Honorable Raymond C. Baratta as Referee to hear evidence, determine motions and report to the court. A four-day hearing commenced December 13, 1978 and on December 14, 1979 the Referee submitted his report sustaining 13 charges and recom *1064 mending that 9 charges be dismissed. Five charges had been withdrawn.
The 13 sustained charges relate to granting favorable reductions pursuant to requests by third parties, requesting favorable dispositions from fellow Judges, failing to disqualify himself from presiding over cases involving clients or former clients, and practicing law before the other Fallsburg Town Judge.
Counsel to the court moved to confirm the Referee’s report and respondent moved to disaffirm, in part. He admits those charges dealing with granting and requesting favorable dispositions but challenges those determinations of the Referee which sustained charges concerning his failure to disqualify himself in cases involving clients or former clients. The Referee sustained four charges which alleged that respondent allowed clients or former clients to plead to reduced dispositions. In another case involving the son of a client, respondent dismissed a charge of failure to keep right and failed to report to the State Motor Vehicle Department a conviction for driving while intoxicated. Finally, in a case involving a defendant associated with a business respondent had represented, respondent reduced a charge of speeding to driving with unsafe tires notwithstanding that the case was returnable before the other Town Judge. This disposition was made on the same day that the ticket was issued.
We find adequate evidence in the record to confirm the Referee’s findings. Respondent’s misconduct goes beyond favoritism in granting and requesting reductions pursuant to requests of third parties. Respondent knowingly granted favorable dispositions to clients or former clients or their associates and, thus, violated elementary ethical precepts requiring, among other things, that a Judge not participate in any case in which his impartiality might reasonably be questioned, and that he avoid even the appearance of impropriety (e.g., Matter of Fuchsberg, 43 NY2d [j], [s]-[u]; Matter of Vaccaro, 42 NY2d [e]; Matter of Filipowicz, 54 AD2d 348).
In February, 1974 the Appellate Division, Third Department, admonished respondent and other Justices for improper conduct including the practice of law by part-time lawyer Judges before one another, and respondent was warned that his conduct was in violation of section 16 of the Judiciary Law and rule 20.18 of the Rules of the Administrative Board (now *1065 rule 33.5 [f]) and should be free from the appearance of impropriety. Five of the sustained charges in these proceedings occurred after this admonishment.
Respondent should be removed, effective the date of the order to be entered on this determination.
Presiding Officer Birns and Judges Damiani, Cohalan, Jr., Moule and Simons concur.
Dated: March 18, 1980
Harold Birns (Signed) Harold Birns
Presiding Officer, Court on the Judiciary
Hyman W; Gamso (Signed) Clerk of the Court on the Judiciary