(April 2, 1985)

■ In the Matter of WILLIAM M. GALLOW, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.

The petition contains eight charges of professional misconduct with multiple specifications delineated under several of the charges. Charge No. I generally alleges respondent's neglect of the Kokkonen estate and the referee sustained eight of the 13 specifications listed under this charge. The referee also sustained charges Nos. II, III, IV and VIII which allege, respectively, that respondent paid himself legal fees from the estate without court approval, that he loaned estate funds to third parties with whom he had a business interest and failed to obtain security for the loan, that he failed to respond to inquiries

from the Surrogate regarding the status of the estate, and that he failed to cooperate with petitioner in its investigation of inquiries filed against him. The facts underlying charge No. V, alleging respondent's failure to maintain complete records and render an accounting with regard to client funds, were found by the referee although he concluded that the charged violation of DR 9-102 (B) (3) of the Code of Professional Responsibility was established only as to that specification alleging respondent's inability to identify the source of numerous deposits made to his escrow account. The facts underlying charge No. VI, alleging that respondent issued checks from the estate checking account when he knew or should have known there were insufficient funds to cover same, were likewise found by the referee although he concluded that respondent's conduct was not prejudicial to the administration of justice so as to be violative of DR 1-102 (A) (5) as charged by petitioner. Charge No. VII, alleging conversion of client funds, was sustained to the extent it was found respondent violated DR 9-102 (A) and (B) in that he failed to maintain a proper escrow account, made payments out of his escrow account for expenses and disbursements on behalf of various clients when no funds had been deposited in the account from or for the behalf of these clients, and permitted the balance of the escrow account to fall below the amounts owed to clients, on one occasion causing the account to show a negative balance.

The evidence in the record supports the findings and conclusions of the referee with regard to those charges sustained by him and petitioner's motion to confirm is therefore granted. We would simply add that as to charge No. VI, the facts found by the referee are sufficient to establish a violation of DR 1-102 (A) (5) as charged. In addition, as to charge No. VII, the facts found also establish a violation of DR 1-102 (A) (5) and (6).

In determining the appropriate sanction for respondent's misconduct, we note that he has previously been admonished by petitioner for neglect of estates, for loaning estate funds in his capacity as executor to a corporation in which he was a shareholder and officer, and for failure to cooperate with petitioner in its investigation of inquiries filed against him. In view of this disciplinary history and the number and seriousness of the charges established on the instant petition, we determine that respondent should be suspended from the practice of law for a period of six months.

Respondent suspended for a period of six months, the date of commencement to be fixed in the order to be entered hereon. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.