(April 13, 1987)

■ In the Matter of PAUL V. OLIVER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Petitioner Committee on Professional Standards moves to confirm the report of the Referee which sustained the charges of professional misconduct contained in the petition commencing this attorney disciplinary proceeding. Respondent, who was admitted to practice by this court in 1975, maintains a law office in the City of Albany.

The petition contains six charges of professional misconduct against respondent. Three of the charges allege that respondent neglected legal matters entrusted to him. Two other charges allege that respondent failed to cooperate with two different courts, Schenectady County Surrogate's Court and the United States Bankruptcy Court for the Northern District of New York, on unrelated matters. The final charge alleges that respondent failed to cooperate with petitioner in three of its investigations. Following a hearing, the Referee sustained all of the charges, although he recommended leniency in view of the mitigating circumstances presented.

Because respondent generally does not dispute the facts giving rise to the charges against him, and based upon a thorough review of the record in this case, we conclude that the evidence amply supports the Referee's findings. Accordingly, petitioner's motion to confirm is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the circumstances offered in mitigation, including the fact that, at the time of the misconduct herein, respondent admittedly suffered from emotional difficulties due to health problems within his household and due to the fact that he was serving, on a part-time basis, as counsel to a county agency, in addition to carrying the workload of his own law office. Respondent has since resigned the county post and has sought and received assistance in dealing with his emotional problems. Further, although we in no way condone respondent's neglect of his responsibilities as an attorney, it does not appear that any person was damaged, financially or otherwise, as a result of his misconduct. Under these circumstances, we are of the view that the ends of justice will be adequately served by a censure.

Motion to confirm Referee's report granted; respondent censured. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.