(March 4, 1988)

■ In the Matter of WILLIAM M. GALLOW, JR., a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the Bar by this court in 1954. He maintained an office for the practice of law in the Town of Van Etten, Chemung County, until May 15, 1985, when he was suspended from practice by this court for six months following a determination that he was guilty of numerous violations of the Code of Professional Responsibility in his dealings with a decedent's estate *(Matter of Gallow,* 110 AD2d 920). Respondent has not applied for reinstatement.

In the instant proceeding to discipline respondent for professional misconduct, petitioner moves to confirm the report of the Referee to whom the matter was referred. In that report, the Referee sustained all six charges of professional misconduct brought against respondent.

The first three charges arise out of respondent's handling of the property and affairs of Helen L. Meyer. At the time respondent began his representation of Meyer in 1980, she was an 84-year-old woman with no immediate family. Charge I alleges that respondent converted Meyer's funds and assets to his own use, neglected a matter entrusted to him and involved himself in impermissible conflicts of interest. The several specifications detailing this charge aver that respondent, between 1981 and 1985, received over $30,000 from Meyer for services allegedly performed for her, although no records were kept explaining the exact nature of the services; that in 1983 respondent arranged for Meyer to make a $16,000 loan to the Larisons, who were clients of respondent and principals in a corporation in which he owned stock; that respondent failed to arrange for adequate security for this loan which the Larisons defaulted upon; and that in 1985 respondent obtained a check purportedly signed by Meyer in the amount of $10,000 although, at the time of this transfer, Meyer was incapable of understanding the nature of this payment due to diminished mental capacity. Finally, it is alleged that in 1984 Meyer signed a deed prepared by respondent whereby her home in Spencer, New York, was transferred to respondent and his wife with Meyer reserving a life

interest; respondent made no payment nor gave any other consideration for this transfer and Meyer was not represented by independent counsel in the transaction and was suffering from diminished mental capacity at the time.

Charge II alleges that respondent obtained two uncollateralized loans from Meyer, in the amounts of $10,000 and $3,000, making no payments on the principal of the first loan and no payments at all on the second loan.

Charge III alleges that respondent failed to maintain complete records of his client's funds and failed to render appropriate accounts to her. Specifically, it is alleged that from July 1984 to June 1985, respondent, acting pursuant to a power of attorney, paid himself over $5,000 from Meyer's checking account for which he has no records and is unable to account.

Charges IV and V concern respondent's representation of the estate of Edward M. Thomas. Charge IV alleges that respondent neglected the estate by failing to settle it, leaving some estate debts unpaid for over two years after Thomas' death. Respondent is also alleged to have failed to resolve a claim against the estate made by the Social Security Administration and failed to safeguard a quantity of cash belonging to the estate resulting in the loss of these funds.

The substance of charge V alleges that respondent involved himself in an impermissible conflict of interest and failed to carry out a contract of employment with Thomas. It appears that respondent entered into an oral contract with Thomas whereby the latter transferred his home to respondent who was to sell the property after Thomas' death. Respondent was to pay Thomas' debts out of the proceeds of the sale and then divide the remainder between himself, Betty Allen and Joann Fretz. The transfer to respondent was made and Thomas died two weeks later. Respondent thereafter sold the property to one Fleming for $18,000, taking a purchase-money mortgage from Fleming for $17,000. The mortgage and note, which were not signed by Fleming until eight months after the conveyance and were not recorded as of October 1986, listed only respondent and Joann Fretz as mortgagees; Betty Allen was not included as a mortgagee. As of October 1986, the only payment made by respondent from the proceeds of this transaction was a $90 payment to Fretz.

The four specifications of charge VI allege that respondent repeatedly failed to cooperate with petitioner in its investigation of the Thomas inquiry.

The proof adduced at the Referee's hearing amply supports

the Referee's report finding respondent guilty of all six charges of professional misconduct. The evidence establishes that in both the Meyer and Thomas matters, respondent gained the trust of aged and ill clients and then used that trust to divert their assets to himself and others. While respondent claims that Meyer's funds were utilized for her living expenses and the maintenance of her property, or for professional services rendered by him, the complete failure on his part to maintain adequate records and the frequency and amounts of the withdrawals belie this contention as to substantial sums of money. Respondent's obvious neglect and mishandling of the affairs of these individuals in indicative of serious misconduct; his conversion of their assets to his own use and the use of others is unconscionable and warrants severe discipline.

Respondent has a history of disciplinary violations including his previously mentioned 1985 suspension from practice for a period of six months (*Matter of Gallow*, 110 AD2d 920, *supra*). In this prior disciplinary proceeding, respondent was found guilty of misconduct in his handling of an estate wherein he paid himself legal fees and reimbursed himself for expenses out of the estate without court approval. He also loaned estate funds to third parties with whom he had a business interest without obtaining security for the loan. In addition, he was found guilty of failure to cooperate with petitioner in its investigation of the charges. We also note that on at least two prior occasions, respondent has been admonished by petitioner for similar misconduct.

Considering respondent's past history of professional misconduct and failure to cooperate with petitioner, together with the current findings of serious malfeasances in his dealings with Meyer and the Thomas estate, we are compelled to conclude that the protection of the public, the deterrence of similar misconduct and the preservation of the reputation of the Bar warrant respondent's disbarment.

Respondent ordered disbarred, effective immediately. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.