(January 11, 1990)

■ In the Matter of PAUL V. OLIVER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent is an Albany attorney admitted to practice by this court in 1975. In

July 1988 he was suspended by this court for a period of six months effective September 26, 1988 (*Matter of Oliver*, 142 AD2d 831) and has not applied for reinstatement.

Petitioner Committee on Professional Standards filed the instant petition of charges and specifications accusing respondent of professional misconduct in that he failed to maintain complete records of all funds of a client, failed to render appropriate accounts to the client, borrowed and made investments with the client's funds which were affected by a financial, business, or personal interest without taking appropriate steps to protect the client's interest, engaged in conduct which adversely reflected on his fitness to practice law, and, finally, failed to cooperate with petitioner in its investigation of an inquiry against respondent.

On October 16, 1989, we granted a motion by petitioner for an order declaring that no factual issues were raised by the pleadings (22 NYCRR 806.5); respondent appeared before the court and was heard in mitigation on December 12, 1989.

In view of respondent's admissions to the charges and specifications against him and our previous order declaring that no factual issues are raised by the pleadings, we find respondent guilty of the several charges and specifications of professional misconduct set forth in the petition.

We have considered a number of factors in determining an appropriate disciplinary sanction for respondent's professional misconduct. First, there is no question he is guilty of serious misconduct. Essentially, pursuant to a power of attorney, he used substantial funds of an elderly and vulnerable client, without apparent consent, to advance his own personal and financial interests, especially in the purchase of a commercial building in Albany with his brother and another individual. The unauthorized use of the client's funds was extremely questionable even in those instances where respondent prepared paperwork to set forth the extent and terms of the purported loan. Respondent's later repayment of the moneys to the client's estate cannot excuse the earlier unauthorized use of the funds especially since most of the repayment appears to have occurred during the administration of the estate and therefore does not appear entirely voluntary. We also find that respondent's failure to cooperate fully and promptly with petitioner in its investigation of this matter constituted serious misconduct.

Second, respondent's present misconduct must be viewed in the context of his extensive disciplinary history. This is the

third time respondent has appeared before us on disciplinary charges. In April 1987, this court censured respondent for his neglect of three legal matters, failure to cooperate with the Schenectady County Surrogate and the United States Bankruptcy Court, and failure to cooperate with petitioner *(Matter of Oliver,* 129 AD2d 884). Also, as noted above, in July 1988 this court suspended respondent for six months for engaging in conduct which adversely reflected on his fitness to practice law (Code of Professional Responsibility DR 1-102 [A] [6]) by preparing a will on behalf of a client which named respondent's mother-in-law as sole beneficiary and for making a series of investments of a client's funds in a corporation in which respondent had a personal interest *(Matter of Oliver,* 142 AD2d 831, *supra).* We note that the instant charges against respondent allege further and more substantial improprieties in respondent's handling of the funds of this same client *(see, Matter of Oliver,* 142 AD2d 831, 833-834, *supra).* In addition to the previous discipline imposed by this court, respondent was admonished in 1983 by petitioner for neglect of an action and for failure of cooperation with petitioner. Moreover, in 1984, respondent received a personal admonition from petitioner, again for neglect and failure of cooperation.

As mitigating factors, respondent points to the repayment of moneys to the client's estate and the emotional stress and strain (some due to family illness) which he was experiencing during the time periods at issue *(see, Matter of Oliver,* 129 AD2d 884, 885, *supra).* Nevertheless, we find that respondent's use of his elderly client's funds for his own financial benefit was wholly inexcusable and, in view of respondent's disciplinary history, warrants the imposition of a severe disciplinary sanction.

Therefore, to protect the public, deter similar misconduct and preserve the reputation of the Bar, we find that respondent should be disbarred, effective immediately.

Respondent disbarred, effective immediately. Order entered. Kane, J. P., Casey, Yesawich, Jr., Mercure and Harvey, JJ., concur.