In the Matter of EDWARD J. FILIPOWICZ (Admitted as EDWARD JOSEPH FILIPOWICZ), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 1, 1993

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Edward J. Filipowicz,* Poughkeepsie, respondent *pro se.*

OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with six allegations of professional misconduct. The Special Referee sustained a portion of Charge One and Charges Three, Four, Five, and Six. The petitioner now moves to confirm the report of the Special Referee sustaining a portion of Charge One and Charges Three through Six and to disaffirm the findings as to a portion of Charge One and Charge Two, in its entirety. The respondent did not submit any papers in opposition.

Charge One alleged that the respondent is guilty of neglecting a legal matter entrusted to him. The respondent drafted and witnessed the will of Joseph J. Stevensky, which nominated him as the executor of Joseph J. Stevensky's estate. Under Stevensky's will, specific bequests were made to five individual legatees. Eight charitable organizations were the residuary legatees. Stevensky died on or about December 5, 1979.

On or about January 7, 1980, letters testamentary were issued to the respondent by the Surrogate's Court, Dutchess County, for the estate of Joseph J. Stevensky. Between December 1980 and December 1983 the respondent received 29 bank checks payable to him as executor of the estate, which he failed to present for payment. As a result of the respondent's inaction, in excess of $8,000 escheated to the State of New York pursuant to the Abandoned Property Law. The respondent made no attempt to locate or marshal investment assets or income from investments of the estate. Due to the respondent's inaction, dividends from oil stocks also escheated to the State pursuant to the Abandoned Property Law. The respondent took no material steps to retrieve these funds from the New York State office of the Comptroller.

Charge Two alleged that the respondent is guilty of neglecting a legal matter entrusted to him. In or about October 1981 the respondent, as executor of the Stevensky estate (Charge One), sold real property located at 11 Locust Road, in Poughkeepsie, New York. By letter dated October 19, 1981, the respondent informed the attorney for the lender that he would file the estate tax forms. The respondent made a partial distribution to the residuary legatees and a full distribution of the specific bequests to the individual legatees. However, the

respondent failed to make any further distributions to the residuary legatees or to complete the estate in a timely manner. The respondent failed to take any action regarding the estate tax proceedings until October 1988, when he filed the New York State Resident Affidavit with the New York State Department of Taxation and Finance.

Charge Three alleged that the respondent is guilty of failing to account in a timely manner and of conduct which adversely reflects on his fitness to practice law and which is prejudicial to the administration of justice by his willful refusal to obey lawful directions of the court. In or about October 1987 the law firm of McCabe and Mack was retained by the American Cancer Society, one of the residuary legatees under the will of Joseph J. Stevensky, regarding the estate. Requests were made by a member of McCabe & Mack to have the respondent prepare an accounting and complete the estate. The respondent failed to do so and, in or about April 1988 a proceeding was brought by the American Cancer Society in the Surrogate's Court, Dutchess County, to compel the respondent to account.

On or about December 15, 1988, the Surrogate issued an order directing the respondent to file an accounting within 30 days and to proceed to have the accounting judicially settled. The respondent failed to do so. In or about January 1989 a demand for compliance with the order of December 15, 1988, was brought in the Surrogate's Court. Notice was given in the demand that a motion would be made to hold the respondent in contempt if he failed to file his accounting. On or about March 20, 1989, the respondent filed an accounting in the Surrogate's Court but failed to take any steps to have the accounting judicially settled.

On or about February 28, 1990, the Surrogate held that the respondent's willful refusal as well as neglect to obey the lawful mandates of the court violated SCPA 711 (3) and directed that an order be submitted which would further provide that the letters testamentary issued to the respondent be revoked. On or about June 15, 1990, the Surrogate issued a decree, revoking the letters testamentary issued to the respondent, directing the respondent to file an accounting within 10 days, directing the respondent to proceed to have that accounting judicially settled, and directing the respondent to pay over and deliver all assets and records of the estate to his successor within 10 days. On or about August 30, 1990, the Surrogate issued a decision directing that an order of civil

contempt be submitted and fixing the fine against the respondent at $750. The order of contempt was signed by the Surrogate on September 13, 1990. On or about October 9, 1990, respondent filed an amendment to his previous accounting of March 1989 but failed to take steps to have the accounting judicially settled.

In persistently failing to comply with the orders of the Surrogate's Court, the respondent knew or should have known that he was placing an undue burden on the court in this matter.

Charge Four alleged that the respondent is guilty of engaging in conduct which adversely reflects on his fitness to practice law. On or about May 9 and 10, 1991, hearings were held by the Surrogate's Court on the amended objections of the American Cancer Society to his amended accounting (Charge Three). It was determined, among other things, that the respondent had been dilatory in handling the assets of the Stevensky estate, had made improper or unnecessary payments for many items listed in the accounting, was responsible for the loss of interest from assets of the Stevensky estate, and that the charitable legatees had incurred attorney's expenses as a consequence of the respondent's misconduct.

Charge Five alleged that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation and overreaching. The Stevensky estate owned a 1978 Chrysler LeBaron. In the accounting prepared by the respondent, it is reported that this car was sold for $3,000. No funds were received by the estate for this car, which was transferred to the respondent's wife by the respondent in his capacity as executor. The alleged consideration for the transfer of this car from the Stevensky estate to the respondent's wife was legal services purportedly rendered by the respondent in the estate of Helen Stevensky, decedent's deceased wife. The respondent did not seek or receive permission of the Surrogate's Court for payment of this legal fee.

Charge Six alleged that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit, misrepresentation and/or overreaching. The Stevensky estate was under the sole control of the respondent, as executor and attorney, continually from January 7, 1980, until the letters testamentary issued to him were revoked in 1990. On or about August 24, 1982, the respondent paid himself $5,000 as partial attorney's fees for his work on the Stevensky estate. The respon-

dent did not seek or receive permission of the Surrogate's Court for payment of this legal fee.

After a review of the evidence adduced, we find that the Special Referee properly sustained that portion of Charge One, which alleged that the respondent neglected a legal matter entrusted to him, as well as Charges Three, Four, Five, and Six. The Special Referee erred, however, in failing to sustain Charge Two and the petitioner's motion to disaffirm is granted to the extent of sustaining Charge Two. Accordingly, the petitioner's motion to confirm in part and disaffirm in part the Special Referee's report is granted to the extent that the portion of Charge One which alleged neglect of a legal matter and Charges Two through Six are sustained. The motion is otherwise denied.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's prior disciplinary history, including a censure imposed by this Court on November 22, 1976, for engaging in ex parte communications while the respondent was a part-time City Court Judge in the City of Poughkeepsie (Matter of Filipowicz, 54 AD2d 348), and a Letter of Admonition, dated July 19, 1979, for the respondent's protracted neglect with respect to an estate which he was retained to handle. Accordingly, the respondent is suspended from the practice of law for a period of three years, commencing April 8, 1993, and continuing until the further order of this Court.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that the portion of Charge One which alleged that he neglected a legal matter entrusted to him and all of Charges Two through Six are sustained and the motion is otherwise denied; and it is further,

Ordered that the respondent, Edward J. Filipowicz, admitted under the name Edward Joseph Filipowicz, is suspended from the practice of law for a period of three years, commencing April 8, 1993, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, should he be so advised, upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b)

that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent Edward J. Filipowicz, admitted under the name Edward Joseph Filipowicz, is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.