In the Matter of EDWARD P. ABBOTT, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [594 NYS2d 855] —Per Curiam. Respondent, an Ithaca attorney, was suspended from the practice of law for a period of three years, effective January 18, 1991 *(Matter of Abbott,* 167 AD2d 617, *appeal dismissed* 78 NY2d 1124, *motion for reargument or reconsideration denied* 79 NY2d 978). On July 17, 1991, respondent was found guilty of contempt for his willful failure to comply with this Court's order suspending him from practice and was ordered to pay a $500 fine *(Matter of Abbott,* 175 AD2d 396, *appeal dismissed* 78 NY2d 1124, *motion for reargument or reconsideration denied* 79 NY2d 978). Respondent has not paid the fine.

Petitioner, the Committee on Professional Standards, filed the instant petition on November 8, 1991. The three charges accuse respondent of converting funds of the Bruce estate and of other ethical improprieties with respect to the estate. On May 6, 1992, petitioner's motion for an order declaring that no factual issues were raised by the pleadings was denied and the matter was referred to Hon. Howard A. Zeller, retired Justice of the Supreme Court, for hearing and report. The hearing was held in August 1992. By report dated November 18, 1992, the Referee sustained the petition's three charges of attorney misconduct. Petitioner moves to confirm the Referee's report. Respondent opposes the motion and urges that the report be rejected.

Specifications one and two of charge I allege that in 1986 respondent made deposits on behalf of the Bruce estate into his attorney escrow account at the Tompkins County Trust

Company and that, on various subsequent dates in 1986, 1987, and 1991, the balance in the escrow account fell below the amount respondent should have been holding for the Bruce estate. Substantial deficiencies are alleged. For example, a deficiency amounting to $54,452.68 is alleged to have occurred on July 24, 1987. Specification three states that the escrow account was interest bearing and that respondent, from January 1986 to August 1991, failed to credit interest in excess of $13,000 on clients' funds to the clients. The specifications of charge I are supported by the Referee's findings of fact, which in turn are supported by the admissions of respondent in his pleadings and in his testimony. Further, the specifications support the charge of conversion. Such a charge is sustainable by evidence that an account in which a client's funds are deposited is overdrawn or that the balance of the account is less than the client's interest in it (Matter of Swyer, 143 AD2d 462) or by evidence that an attorney failed to credit clients with interest due them (see, Matter of Lewis, 159 AD2d 854, 857, 859, appeal dismissed 76 NY2d 783, motion for reargument or reconsideration denied 76 NY2d 936). We therefore confirm the Referee's report with respect to charge I.

Charge II accuses respondent of failing to deposit the Bruce estate funds he received, as detailed in charge I, into a separate estate account, in violation of the Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). Because we do not find an explicit requirement in DR 9-102 that estate funds must be placed in a separate estate account, we decline to confirm the Referee's report sustaining this charge and dismiss it.

Charge III, in a single specification, accuses respondent of failing to forward a client's property to new counsel, in violation of DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3 [a]). The specification states that, in February 1991, after respondent's suspension from practice, the executrix of the Bruce estate substituted attorney Robert J. Hines for respondent as estate attorney. Thereafter, despite respondent's assurances that he would provide Mr. Hines with estate funds, he failed to do so resulting in the entry of judgment against him on May 30, 1991 in the amount of $71,090.13. Despite demand for payment from Mr. Hines, respondent failed to remit same until his letter of August 12, 1991, at which time he forwarded a check for $60,466.44. Respondent essentially admits this charge and we confirm the Referee's report sustaining it.

Respondent's various replies to the petition emphasize that he never had any intent to personally benefit from the defi-

ciencies in his escrow account. He does appear to have made the Bruce estate whole, albeit only after the Surrogate issued a decree entering judgment against him and only to the extent respondent believes the judgment was correct. His papers also establish that he is presently in failing health.

On the other hand, factors aggravating respondent's professional misconduct militate against leniency. The technical conversions were substantial, frequent, and although respondent claims the converted moneys did not inure to his benefit, he admits he did pay a typist with some of the money. He also appears unwilling or unable to understand the nature of his misconduct. Finally, we note that respondent is presently serving a three-year suspension for other serious acts of professional misconduct and that, in addition, he was admonished in 1992 for making false and unsupported allegations in a court proceeding.

In order to protect the public, deter similar misconduct, and preserve the reputation of the bar, it is determined that respondent should be disbarred, effective immediately *(see, e.g., Matter of Oliver,* 157 AD2d 904; *Matter of Loughlin,* 124 AD2d 925).

Weiss, P. J., Yesawich Jr., Levine, Mercure, and Harvey, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report be granted with respect to charges I and III and denied with respect to charge II, which charge is hereby dismissed; and it is further ordered that, respondent, Edward P. Abbott, who was admitted as an attorney and counselor-at-law by this Court on March 13, 1952, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the Rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.