■ In the Matter of RICHARD F. REILLY, an Attorney, Respondent. COMMITTEE ON · PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [620 NYS2d 516] —Per Curiam. Respondent was admitted to practice by this Court in 1961. He maintains an office for the practice of law in the City of Rensselaer.

By petition dated August 13, 1993, the Committee on Professional Standards accused respondent of neglecting two estates, of engaging in a conflict of interest with respect to one of the estates, and of failing to respond to communications from the attorney for a devisee of one of the estates. The charges were sustained after a hearing in a Referee's report dated May 11, 1994. Petitioner moves to confirm the report; respondent opposes the motion.

We grant petitioner's motion except insofar as charge IV accuses respondent of conduct prejudicial to the administration of justice. Respondent's neglect caused about a year's delay in the administration of the two estates, as charged and specified in charges I and II. Respondent also engaged in a conflict of interest in violation of the Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20), with respect to the Doney estate, as charged and specified in charge III. Respondent drafted Doney's will which contained a bequest of $5,000 to one of respondent's children and named respondent as executor of Doney's estate. Although the decedent appears to have voluntarily intended the bequest, respondent failed to make the full disclosure contemplated by DR 5-101 (A). At a minimum, respondent should have, but did not, explain the nature of the conflict of interest created by the bequest, namely that the personal interest of a lawyer draftsman who will serve as executor and whose child will receive a bequest may affect the exercise of the lawyer's independent professional judgment on behalf of the client both in the drafting of the will and in the administration of the estate. Respondent should also have explained, but did not, that the bequest could create an appearance of impropriety unless the client selects another lawyer to prepare the will or secures disinterested advice from an independent, competent person who is cognizant of all of the circumstances and who could later testify to the voluntary nature of the bequest. A bequest to a child of a lawyer/draftsman can cause a Surrogate to hold a hearing prior to admitting a will to probate *(see, Matter of Putnam,* 257 NY 140) and such a hearing can delay and increase the expense of probate to the prejudice of persons inheriting under the will. *(See, e.g., Matter of Hardy,* 172 AD2d 866, 868-869; *Matter of Oliver,* 157 AD2d 904, 906 and 142 AD2d 831; *Matter of Cassel,* 154 AD2d 876; *Matter of Sherbunt,* 134 AD2d 723; 1990 Opns NY St Bar Assn Comm on Prof Ethics No. 610.) Respondent's failure to respond to a status inquiry from the attorney for a beneficiary of the Doney estate constituted neglect of the estate and therefore conduct adversely reflecting on his fitness to practice law (as charged and specified in charge IV) but not, under the circumstances presented, conduct prejudicial to the administration of justice (also charged under charge IV) *(see, e.g., Matter of Filipowicz,* 188 AD2d 98; *Matter of Casey,* 111 AD2d 979; *Matter of Cain,* 71 AD2d 972).

Respondent's misconduct is aggravated by his prior disciplinary record which includes three admonitions and a letter of caution from petitioner. He was most recently admonished in

1990 for neglect of an estate, failure to pay a water bill for a second estate, commingling clients' funds with firm funds, and failure to maintain adequate books and records. Respondent's misconduct is mitigated by the lack of venal motive, his good reputation in the community, his service as Corporation Counsel and later as City Court Judge for the City of Rensselaer, and his assurance that he will make his clients whole for whatever losses his misconduct may have caused, if any. Respondent has submitted recent psychiatric evaluations diagnosing major depression currently in remission.

In view of the above, we conclude that to protect the public, deter similar misconduct, and preserve the reputation of the Bar, respondent should be suspended from the practice of law for a period of six months. Any reinstatement application should be supported by a medical report which establishes his capacity to resume the practice of law (see, e.g., *Matter of Winsor*, 192 AD2d 867).

Mikoll, J. P., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition, except insofar as charge IV accuses respondent of conduct prejudicial to the administration of justice, and petitioner's motion is granted and the Referee's report confirmed accordingly; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of six months, effective January 8, 1995; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.