(December 9, 2002)

■ In the Matter of STEVEN A. BUCHYN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [751 NYS2d 625] —Per Curiam. Respondent was admitted to practice by this Court in 1986. He maintained an office for the practice of law, as a solo practitioner, in the City of Schenectady, Schenectady County.

A Referee's report sustained charges that respondent inappropriately exerted influence over an elderly woman, Mildred Wells, to his material benefit and misappropriated her funds and property, in violation of the attorney disciplinary rules (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 9-102 [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46]). The report further found that respondent engaged in a conflict of interest while representing her (*see* DR 5-101, DR 5-104 [22 NYCRR 1200.20, 1200.23]). Petitioner moves to confirm the report and respondent moves to disaffirm it.

Respondent prepared reciprocal wills for Wells and her husband in 1995. The wills left the remainder of their estate to Union College and named respondent as executor. Near the end of 1995, Wells executed a power of attorney to respondent. In April 1996, Wells' husband died. Thereafter, the nature of respondent's relationship with Wells changed from being her

attorney to also being her friend and general personal assistant. During 1997 and 1998, Wells transferred the bulk of her assets to respondent. In June 1997, she transferred stock valued at approximately $100,000 to him. Wells memorialized the transfer in letters to her brokers. In December 1997, she executed a codicil to her will which devised her home and its contents to respondent, made a bequest to Union College, and left the remainder of her estate to respondent. The codicil was drafted by an attorney who shared a suite of law offices with respondent. In March 1998, she gave respondent a cashier's check for $20,000 which he used toward the purchase of a boat. In September 1998, Wells transferred $280,000 from her brokerage account to respondent. That same month, she added respondent's name to her principal brokerage account as a joint owner with rights of survivorship. In October 1998, Wells transferred $245,000 from the joint account to respondent. Wells signed authorizations and forms effecting the fall 1998 transfers to respondent. During the next year, respondent used the moneys that had been transferred to him and the moneys in the joint account to, among other things, buy a car, make personal income tax and credit card payments, and to pay off his home mortgage. He also transferred moneys to his firm business account.

During 1999, Wells, who was then in her early 90s, grew more feeble physically and required home aide assistance. During that same year, Union College raised questions about the disposition of Wells' estate, and the relationship between respondent and Wells was brought to the attention of Social Services and a local law firm. By January 2000, Wells had revoked the power of attorney to respondent and had executed a will leaving her estate to Union College and naming a relative as executor. In March 2000, an action was commenced in Supreme Court in Schenectady County captioned *Mildred S. Wells v Steven A. Buchyn et al.* The lawsuit essentially alleged that the defendants had misappropriated Wells' money through fraud, misrepresentation, conversion, and nefarious actions and means. The lawsuit settled in February 2001 and, pursuant to the settlement, respondent transferred an amount to Wells roughly equivalent to the amounts she had transferred to him. The instant disciplinary proceeding was commenced in October 2001.

The deposition transcripts from the Schenectady County action introduced during the disciplinary hearing included the testimony of respondent, Wells, the attorney who drafted the codicil, brokers who managed Wells' accounts, and Wells'

accountant. Respondent testified and has maintained that Wells intended the transfers to him to be voluntary gifts. The testimony of the attorney, the brokers, and the accountant supported respondent's version of events. In addition, the accountant verified that Wells incurred gift and capital gains taxes because of the transfers. Wells' testimony was of little probative value.

An attorney who acts in accordance with Code of Professional Responsibility EC 5-5 may accept gifts from a client. This Ethical Consideration provides: "A lawyer should not suggest to the client that a gift be made to the lawyer or for the lawyer's benefit. If a lawyer accepts a gift from the client, the lawyer is peculiarly susceptible to the charge that he or she unduly influenced or overreached the client. If a client voluntarily offers to make a gift to the lawyer, the lawyer may accept the gift, but before doing so, should urge that the client secure disinterested advice from an independent, competent person who is cognizant of all the circumstances. Other than in exceptional circumstances, a lawyer should insist that an instrument in which the client desires to name the lawyer beneficially be prepared by another lawyer selected by the client" (Code of Professional Responsibility EC 5-5).

Based upon the record before us, we conclude that petitioner failed to prove by a fair preponderance of the evidence (see *Matter of Capoccia*, 59 NY2d 549) that the codicil or the transfers by Wells to respondent were the product of undue influence, fraud or overreaching by respondent or that he misappropriated her funds and property. Petitioner's proof was entirely circumstantial and was effectively countered by contrary deposition testimony and by the documents signed by Wells. Petitioner offered no expert medical proof regarding Wells' competence. Under the particular circumstances here, the evidence presented does not lead to the necessary conclusion that undue influence was exerted (see *Matter of Henderson*, 80 NY2d 388; *Mantella v Mantella*, 268 AD2d 852; *Matter of Hall v Clyne*, 206 AD2d 428; *Matter of Soltys*, 199 AD2d 846, lv denied 83 NY2d 754; *Matter of Lewis*, 159 AD2d 854, appeal dismissed and lv denied 76 NY2d 783; *Matter of Sherbunt*, 134 AD2d 723).

We find, however, that the Referee properly sustained the charge that respondent engaged in a conflict of interest in violation of DR 5-101 (22 NYCRR 1200.20). In this regard, we note that respondent continued his professional employment for Wells throughout the relevant period. He had her power of attorney, was the named executor of her estate, handled her

husband's estate and sent her bills for legal services until his services on her behalf became too amorphous to bill. He was involved with gifts she made to Union College and kept a correspondence file relating to the gifts. Although much of his work for Wells after 1995 was not law related, it seems clear that had respondent or Wells been asked, either would have identified respondent as her attorney. At the same time he was, as described above, the recipient of numerous and substantial gifts from Wells, both inter vivos and by the codicil. The conflict of interest was evident and DR 5-101 (22 NYCRR 1200.20) required respondent to discontinue his employment unless she consented to the continued representation after full disclosure of the implications of the conflict. The evidence does not show the required full disclosure by respondent nor clear consent by the client (*see Matter of Reilly*, 210 AD2d 696).

Finally, we conclude that the evidence does not sustain a violation of DR 5-104 (22 NYCRR 1200.23), which by its terms is applicable only to business transactions between a client and attorney.

Turning to the appropriate discipline, notably, respondent closed his law office in 2000 and is employed full time outside the legal field. He has an unblemished disciplinary record and, according to the favorable character testimony at the disciplinary hearing, enjoys a good reputation in his community. However, in view of respondent's serious misconduct, and to preserve the reputation of the bar and deter similar misconduct, we conclude that respondent should be suspended from practice for a period of two years.

Mercure, J.P., Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in charge II of the petition insofar as that charge alleged conflict of interest in violation of DR 5-101 (22 NYCRR 1200.20) and the motions to confirm and disaffirm the Referee's report are confirmed in part and disaffirmed in part accordingly; and it is further ordered that respondent is suspended from practice for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent

shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).