*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014                    D-61-14
_____

In the Matter of DAVID J.
    WATSON, an Attorney.

COMMITTEE ON PROFESSIONAL
    STANDARDS,                              MEMORANDUM AND ORDER
                    Petitioner;

DAVID J. WATSON,
                    Respondent.

(Attorney Registration No. 2597631)
_____


Calendar Date:  July 14, 2014

Before:  McCarthy, J.P., Garry, Rose, Egan Jr. and Devine, JJ.

                    _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael G. Gaynor of counsel), for petitioner.

        Capasso & Associates LLC, Schenectady (Vincent Capasso of
counsel), for respondent.

                    _____


Per Curiam.

        Respondent was admitted to practice by this Court in 1994.
He maintains an office for the practice of law in the City of
Albany.

        The petition of charges alleges that respondent took
advantage of an elderly client with questionable mental capacity,
who was the uncle of respondent's life partner and who has
substantial assets.  The charges allege that respondent, in
violation of the Rules of Professional Conduct, engaged in a

conflict of interest by preparing a power of attorney that designated his life partner as the client's agent (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [2]), prepared a will for the elderly client to the benefit of his life partner at a time when a reasonable lawyer would not conclude that the transaction was fair and reasonable (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.8 [c] [1], [2]), failed to provide competent representation to the client in the preparation of the will (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.1 [a]), failed to explain the will matter to the client to the extent reasonably necessary to permit the client to make an informed decision (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4 [b]), and engaged in misleading and deceiving conduct, prejudicial to the administration of justice, which adversely reflected on his fitness as a lawyer (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c], [d], [h]).

After a hearing, the Referee sustained the charges. We grant petitioner's motion to confirm the Referee's report and we find respondent guilty of professional misconduct as charged and specified in the petition. We note that both the Referee and a court that held a guardianship proceeding brought by the client's sister were highly critical of respondent's conduct and that of his life partner, the client's niece, and found their testimony not credible.

While respondent argues that he acted in the milieu of difficult family dynamics, we have previously stated that, even when dealing with family matters, attorneys must render their professional services in strict compliance with the disciplinary rules and zealously safeguard the funds of others (see Matter of Galvin, 214 AD2d 803, 804-805 [1995]). Accordingly, under all of the circumstances presented, we conclude that an appropriate disciplinary sanction is suspension from the practice of law for a period of two years (see e.g. Matter of Buchyn, 300 AD2d 739 [2002]).

McCarthy, J.P., Garry, Rose, Egan Jr. and Devine, JJ., concur.

ORDERED that petitioner's motion to confirm the Referee's report is granted; and it is further

ORDERED that respondent is found guilty of the professional misconduct charged and specified in the petition of charges; and it is further

ORDERED that respondent is suspended from the practice of law for a period of two years, effective 20 days from the date of this decision, and until further order of this Court; and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court