In the Matter of ROBERT BENNET SCHWARTZ, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 5, 1967.

*John G. Bonomi* of counsel (*Arthur J. Cooperman* with him on the brief), for petitioner.

*Aaron J. Jaffe* for respondent.

*Per Curiam.* This is a motion to confirm the report of the Referee which sustained six charges of professional misconduct against respondent.

Respondent was admitted to practice in the Second Judicial Department December 17, 1958. He had been previously censured by this court, after having been found guilty of misconduct, for failure to appear in the Criminal Court of the City of New York when his cases were first called or to file an affidavit explaining his nonappearance on 53 occasions; failing to make an appearance on 7 separate occasions; failing to respond to 20 letters from the Associate Administrative Judge requesting explanations, and a failure to co-operate with the Committee on Grievances. (*Matter of Schwartz,* 24 A D 2d 325.)

Charge 1, of the present charges, which the Referee sustained, specified a failure by respondent to answer the calendar on first call in the Criminal Court of the City of New York 113 times and a failure to answer 26 letters from the Associate Administrative Judge requesting an explanation. This occurred while the earlier charges were pending. Thereafter and between January 14, 1966 and March 31, 1966, respondent failed to appear 95 times or to file an affidavit explaining his nonappearance in Criminal Court on other calendar calls, and failed to answer 13 letters from the court.

It was charged, and the Referee so found, that respondent failed to prosecute a claim in a negligence action and such

claim was dismissed. Thereafter the respondent paid the client a sum out of respondent's own funds, falsely representing such sum to be one half of a settlement. The record also supports the determination by the Referee of neglect in the handling of the cases of two other clients of respondent. One of such cases was dismissed also for failure to prosecute, the other was dismissed because of the running of the Statute of Limitations. In still another instance where an offer of settlement was made, after the case was previously dismissed and a second action commenced, the case was never concluded. The testimony of respondent that he forwarded a release to the client for execution, but such release was never returned, is incredible, particularly when it appears the client was ready to accept the alleged offer and indeed found it necessary to go to the Bar Association and to another lawyer to ascertain the status of his case. At the time of the hearing respondent was unaware of the status of the case.

The clients in the cases referred to were generally unable to reach respondent and attorneys consulted in such cases fared little better. The Referee also sustained a charge of failure to co-operate with the Grievance Committee because of a failure to appear before the committee on certain specified dates.

It sufficiently appears that the charges, as sustained, are amply supported by the evidence in the record. The report of the Referee is confirmed. Respondent failed to protect the interest of certain clients and, as a consequence, they were deprived of their day in court. The record shows a disregard of professional responsibility to clients, fellow attorneys and the courts (*Matter of Herman,* 277 App. Div. 403; *Matter of Virciglio,* 13 A D 2d 407).

Respondent should be suspended for three years.

STEVENS, J. P., EAGER, STEUER, TILZER and McNALLY, JJ., concur.

Respondent suspended for a period of three years effective January 5, 1968.