In the Matter of DONALD E. GILBERT, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 30, 1974.

*John G. Bonomi* of counsel (*Oscar J. Cohen* with him on the brief), for petitioner.

*Emanuel Growman* for respondent.

*Per Curiam.* Respondent, admitted to the Bar in 1959, pleaded guilty in 1972 to a count of criminal solicitation in satisfaction of an indictment charging bribery and conspiracy. He was sen-

tenced to six months' imprisonment, which he served. Criminal solicitation is a class A misdemeanor.

The facts underlying the criminal charge are admitted. In outline they are: Respondent represented one Butler, one of two young men charged with lewd and indecent acts in a subway station washroom. The complainant was the arresting officer. Respondent advised his client that although the case against him was factually weak, it would be advisable for the client to give him (respondent) $1,500 to divide between the Judge and the arresting officer to insure a dismissal of the charges. The arresting officer seconded this advice. In the negotiations respondent exhibited and conveyed to his client a sordid, cynical impression of the conduct of criminal justice in this city.

As indicated, these facts are not denied, and the only question raised on this application is the degree of sanction to be imposed. The Referee who heard the charges, while not specifically recommending leniency, concludes that this was a temporary, unexplainable aberration, inducing conduct from which respondent retreated as soon as he realized the extent of his wrongdoing; that he abandoned the idea before there was any bribery: and that no one was hurt by what respondent did. We cannot agree. While respondent's conduct cannot be explained in the sense that it would be condoned, it was not a momentary lapse. The case against respondent's client was postponed over several months, during all of which he was continually urging the course he had recommended, and his change of heart was coincident with an investigation by the District Attorney into the conduct of the attorney representing the codefendant. And it is a euphoric idea that nobody was hurt. The propagation of the views expressed by the respondent, consonant with his actions, cannot but harm the administration of justice and all who are concerned with it.

Giving respondent the benefit of all doubts as to his motivation and subsequent contrition, we are reluctant to conclude that respondent has exhibited ultimate unfitness to continue at the Bar. On the other hand, the protection of the public and the reputation of the Bar mandate a severe penalty.

Respondent is suspended for a period of three years.

LUPIANO, J. P., STEUER, TILZER, CAPOZZOLI and LANE, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law for a period of three years, effective January 30, 1975.