Per Curiam.

We hold that while an attorney convicted of a criminal offense may introduce evidence in mitigation and explanation in a subsequent disciplinary proceeding, he may not relitigate the issue of his guilt of the offense for which he was convicted.
Appellant attorney was convicted in Federal court of conspiracy to pay illegal kickbacks to a union welfare and pension official in violation of the United States Code (tit 18, §§ 371, 1954), a felony under Federal law. Thereupon disciplinary proceedings were instituted in the Appellate Division, First Department. It was recognized that the automatic disbarment provision of subdivision 4 of section 90 of the Judi *281 ciary Law, did not apply since the term "felony” in that section does not include "an offense defined as a felony by Federal statute, which, if cognizable under the laws of New York, would at most be a misdemeanor”. (Matter of Donegan, 282 NY 285, 288-289.) At his trial in Federal court appellant did not testify on his own behalf. At the disciplinary proceeding, however, he sought to testify on the question of his guilt of the Federal offense for which he had been convicted, but such testimony was excluded by the Referee. In our view this was the correct ruling.
There appears to be some confusion as to the scope of testimony which may be offered in a subsequent disciplinary proceeding by an attorney convicted of a misdemeanor offense. We hold that under familiar principles of collateral estoppel the attorney is precluded from relitigating the issue of his guilt. As we have recently written, the doctrine of collateral estoppel is applicable to criminal proceedings (Matter of McGrath v Gold, 36 NY2d 406; cf. Vavolizza v Krieger, 33 NY2d 351; S. T. Grand, Inc. v City of New York, 32 NY2d 300). We perceive no reason why a member of the Bar should be accorded a significantly more favored position than are others in the application of this principle, particularly in a matter in which the public interest is at stake. Additionally, as a matter of common justice, it cannot be said to be unreasonable or unfair to preclude the attorney from relitigating an issue when precisely the same issue has been resolved against him in another proceeding to which he was a party in which the standard of proof called for the highest quantum — beyond a reasonable doubt (cf. Matter of Lynch, 227 App Div 477, 480) —and in which rigorous safeguards were imposed to insure against an unjust conviction (S. T. Grand, Inc. v City of New York, supra, p 304). To the extent that there have been statements in prior opinions of our court which may be read as suggesting that an attorney may relitigate the issue of guilt in disciplinary proceedings we now depart from them (e.g., Matter of Keogh, 17 NY2d 479; Matter of Donegan, 282 NY 285, supra.)
While the issue of guilt may not be relitigated, the attorney may, of course, introduce any competent evidence by means of which to explain or mitigate the significance of his criminal conviction. For this purpose, and within the sound discretionary supervision of the Appellate Divisions, the attorney should be permitted to offer any proof which is reasonably relevant to *282 the ultimate issues — the character of the offense committed and the nature of the penalty, if any, appropriately to be imposed. The proper frame of reference, of course, is the protection of the public interest, for while a disciplinary proceeding has aspects of the imposition, of punishment on the attorney charged, its primary focus must be on protection of the public. "Our duty in these circumstances is to impose discipline, not as punishment, but to protect the public in its reliance upon the presumed integrity and responsibility of lawyers”. (Matter of Kahn, 38 AD2d 115, 124, affd 31 NY2d 752; Matter of Rotwein, 20 AD2d 428, 429; Matter of Nearing, 16 AD2d 516, 518.) Thus, there should be received any competent proof which will assist the Appellate Division in the discharge of its difficult and delicate responsibility of determining what sanction, if any be appropriate, will best serve the public interest and at the same time assure the particular attorney full due process and fairness in the recognition of the substantial interest that is his in his right to practice law.
We see no necessity to remit this case for further hearing. The Referee, while excluding evidence on the issue of guilt, explicitly recognized the admissibility of evidence in mitigation, an alternative of which appellant chose not to avail himself.
We have examined appellant’s other contentions and find them to be without merit.
The order of the Appellate Division in this case should be affirmed.