In the Matter of Seymour Kane, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, January 18, 1977

*Ronald Eisenman* of counsel *(Oscar J. Cohen* with him on the brief), for petitioner.

*A. David Benjamin* of counsel *(Joel J. Spector* and *Arthur Birnbaum* with him on the brief; *Demov, Morris, Levin & Shein,* attorneys), for respondent.

*Per Curiam.* The respondent was admitted to practice in the Second Department in April, 1955.

He was charged with professional misconduct in that he was convicted on his plea of guilty on September 16, 1974 to the crime of attempting to obstruct governmental administration (a class B misdemeanor) and was sentenced to the New York City Correctional Institution for Men for three months, and that conviction was affirmed by this court *(People v Kane,* 47 AD2d 880, leave to app den [Breitel, Ch. J.]). He was involved, at least as an escrow agent, with a fund to be used for a third party to attempt to influence a Judge with respect to a client's criminal sentence.

Respondent, while admitting the fact of the conviction, contends that he did not commit acts of moral turpitude. While there can be no collateral attack on a criminal conviction *(Matter of Levy,* 37 NY2d 279) evidence in mitigation may be entertained. The only such evidence, as found by the

Referee, Arthur R. Martoccia, is the respondent's heretofore unblemished record and reputation. The Referee further found that the respondent's acts reflect upon his moral turpitude, and his findings and conclusion are fully supported by the record, and his report is confirmed.

In view of the gravity of respondent's misconduct, he should be suspended for three years. (*Matter of Gilbert,* 46 AD2d 331.)

STEVENS, P. J., MARKEWICH, KUPFERMAN, SILVERMAN and LANE, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three years, effective February 18, 1977.