In the Matter of ROBERT BENNET SCHWARTZ, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 14, 1977

*James D. Porter, Jr.,* of counsel *(Michael Alan Schwartz* with him on the brief), for petitioner.

*Robert Bennet Schwartz,* respondent *pro se.*

*Per Curiam.* Respondent was admitted to practice in the Second Department on December 17, 1958. He has previously been censured *(Matter of Schwartz,* 24 AD2d 325) and thereafter suspended for three years *(Matter of Schwartz,* 29 AD2d 22).

On May 30, 1975, in the United States District Court for the Eastern District of New York the respondent was found guilty, after a jury trial, of conspiracy to violate sections 173 and 174 of title 21 of the United States Code being conspiracy unlawfully to transport narcotics into the United States. He was sentenced to a term of imprisonment for 10 years and fined $20,000. The conviction was affirmed *(United States v Schwartz,* 535 F2d 160, cert den *Schwartz v United States,* 430 US 906).

A hearing was held before Hon. GUSTAVE G. ROSENBERG,

Referee, and the respondent's offers of proof were properly curtailed in accordance with *Matter of Levy* (37 NY2d 279). The Referee's finding that the respondent was guilty of professional misconduct was completely supported by the evidence. (See *Matter of Quinones,* 51 AD2d 339.)

The respondent has attempted to avoid the inexorable conclusion that he should be disbarred by submitting his resignation dated May 6, 1977 to the Appellate Division, Second Department, from his place of incarceration in the Federal Prison at Lewisburg, Pennsylvania. However, the purported resignation does not comply with the rules of this court, section 603.11 "Resignation of attorneys under investigation or the subject of disciplinary proceedings" (22 NYCRR 603.11), nor with the rules of the Appellate Division, Second Department, section 691.9 "Resignation of attorneys under investigation" (22 NYCRR 691.9). See discussion in the Report of the New York Committee on Disciplinary Enforcement (Eighteenth Ann Report of NY Judicial Conference, 1973, p 275 [Problem 12]).

The report of the Referee is confirmed, and the respondent should be disbarred.

KUPFERMAN, J. P., LUPIANO, BIRNS and CAPOZZOLI, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York, effective July 14, 1977.