In the Matter of FRANK J. BRASCO (Admitted as FRANK JAMES BRASCO), an Attorney, Petitioner. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Respondent.

Second Department, June 8, 1981

### APPEARANCES OF COUNSEL

*John G. Bonomi* for petitioner.

*Frank A. Finnerty, Jr. (June B. Callwood* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The petitioner was admitted to practice by this court on March 26, 1958 under the name Frank James Brasco. In this proceeding the petitioner moves to confirm the report of the Referee to whom the issues were referred for hearing and report. The respondent has submitted an affidavit in connection with this proceeding.

The Referee found that the petitioner had been convicted of a Federal felony, to wit, he unlawfully, willfully and knowingly conspired, confederated and agreed with others to obtain and retain from the Post Office Department, truck leases and moneys payable by unlawful and fraudulent means in violation of section 371 of title 18 of the United States Code.

We are in agreement with the Referee's report to the extent that he finds the petitioner guilty of the alleged misconduct. The petitioner's motion to confirm the Referee's report is granted to this extent and is otherwise denied.

The Federal felony of which petitioner was convicted is the equivalent of a misdemeanor under New York State law. Under the rule laid down by our Court of Appeals in *Matter of Levy* (37 NY2d 279), in a disciplinary proceeding based upon such a conviction an attorney may not relitigate the issue of his guilt but may introduce any competent evidence to explain or mitigate the significance of his criminal conviction.

In determining an appropriate measure of discipline to be imposed we are mindful of petitioner's previously unblemished record, the heavy penalties incurred by the petitioner and the many attestations of petitioner's good character. Under all the circumstances, it is our opinion that the petitioner should be, and he hereby is, suspended from the practice of law for a period of four years, *nunc pro tunc*, as of April 3, 1978, and until the further order of this court.

HOPKINS, J. P., TITONE, RABIN, MARGETT and WEINSTEIN, JJ., concur.