In the Matter of GERALD A. KAGAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 21, 1983

**APPEARANCES OF COUNSEL**

*James R. Cohen* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*John G. Bonomi, P. C.,* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent Gerald A. Kagan, an attorney, moves for an order confirming a hearing referee's report that:

(1) found that respondent had been convicted of a serious crime within the meaning of section 90 (subd 4, par d) of the Judiciary Law;

(2) recommended that respondent be suspended from the practice of law in this State for a period of one year; and,

(3) further recommended that the time of this suspension be computed from July 28, 1982, which was the date on which this court suspended (Judiciary Law, § 90, subd 4, par f) respondent, pending disposition of this matter.

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, cross-moves for an order:

(1) confirming the report only as to the finding;

(2) disaffirming the report as to the recommendations; and,

(3) that respondent be suspended for a period of not less than three years.

Respondent was admitted to practice in this department on March 25, 1974. His office for the practice of law was located in this department during the period in which the crime was committed.

On December 23, 1981, respondent was convicted, upon his plea of guilty, in the United States District Court for the Southern District of New York of six counts of unlawfully, knowingly and fraudulently entering into fee agreements in bankruptcy matters in violation of section 155 of title 18 of the United States Code. The undisputed facts underlying that conviction are that the respondent stated falsely, in writing, to the Bankruptcy Court that in those matters he received lower fees than he actually received from his clients. As a result of his guilty plea, respondent was sentenced on December 23, 1981 to three months' imprisonment, and was fined the sum of $7,500.

Thereafter, on June 16, 1982, petitioner filed a petition with this court, alleging that respondent had been convicted of a "serious crime". The petitioner sought an order determining that:

(1) the crime of which respondent was convicted is a "serious crime" within the meaning of section 90 (subd 4, par d) of the Judiciary Law;

(2) the respondent should be suspended pursuant to section 90 (subd 4, par f) of the Judiciary Law, pending disposition of this matter;

(3) the respondent show cause, pursuant to section 90 (subd 4, par g) of the Judiciary Law, why a final order of censure, suspension or removal from office should not be made against him.

Respondent filed an answer in which he:

(1) admitted his guilt to the charges; and

(2) requested: "that this Court refer the * * * proceeding to a referee * * * for hearing, report and recommendation

as specifically provided for under section 90 (subd 4, par h) of the Judiciary Law in matters where an attorney has been convicted of a 'serious crime' not constituting a felony under New York Law".

By order (M-2342), dated July 28, 1982, this court appointed an official referee to hear and report.

The official referee reported that:

"At the hearing, petitioner entered in evidence the judgment and probation commitment order, the plea minutes and the sentencing minutes, all before the Federal Court.

"The respondent called four character witnesses and offered in evidence 12 character letters, including one from a judge of the Bankruptcy Court. The respondent testified that he is 46 years old, had been admitted to practice in Massachusetts in 1961 and was admitted to the New York State Bar * * * in March of 1974. He has never been in difficulty in either state. His background indicates that he is the product of a good family, has contributed to the support of his parents, and has supported his two sons for whom he has great affection [note: respondent is divorced]. His testimony was frank and sincere. In this regard, he admitted that he had failed to properly report in some twenty to twenty-two other cases.

"In an attempt to explain or mitigate the significance of the criminal charges, he testified that in each of the cases involved, he had performed additional services for the extra monies collected and did not believe that it was necessary to report it. When he was informed that this was improper, he ceased the practice * * * I * * * rule that [respondent's testimony] * * * is not an attempt to relitigate the convictions and the testimony is admissible * * * [based upon the authority of *Matter of Levy,* 37 NY2d 279, 281] * * * I believe that the testimony tends to explain and mitigate the significance of the offense * * *

"He has already been severely punished by imprisonment and a heavy fine. Accordingly, I recommend that he be suspended for one year commencing July 28, 1982, the date on which he was suspended pending disposition of this matter".

This court finds that the referee properly applied the authority of *Matter of Levy* (37 NY2d 279, 281, *supra*) in permitting respondent "to explain * * * the significance of his criminal conviction". However, despite his explanation, the respondent's crime is still very serious because it involves lying to a court, by an officer of the court. In fact, as was pointed out in the excerpt of the referee's report that was quoted *supra,* the respondent acknowledged that this crime evidenced a pattern of misconduct since "he admitted that he had failed to properly report in some twenty to twenty-two other cases" besides the six incidents included in his plea.

Accordingly, this court denies the respondent's motion; grants the cross motion of the Departmental Disciplinary Committee to the extent of:

(1) confirming the referee's report as to finding the respondent guilty of a "serious crime"; and,

(2) disaffirming the recommendation of the referee as to the degree of discipline to be imposed;
and the respondent should be suspended from the practice of law for a period of three years.

MURPHY, P. J., ROSS, ASCH, SILVERMAN and BLOOM, JJ., concur.

Motion to confirm findings of fact and recommendation denied, cross motion granted and respondent suspended from practice as an attorney and counselor at law for a period of three years effective May 21, 1983, all as indicated in the order of this court.