In the Matter of FREDERICK P. CINCOTTI (Admitted as FRED PETER CINCOTTI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 13, 1986

### APPEARANCES OF COUNSEL

*Claudio Bergamasco* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Herald Price Fahringer* for respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner Departmental Disciplinary Committee moves for

an order confirming the report of the hearing panel and publicly censuring respondent for having been guilty of professional misconduct in violation of Judiciary Law § 90 and the Code of Professional Responsibility.

Respondent was admitted to practice as an attorney and counselor-at-law on March 13, 1961 by the Appellate Division, First Judicial Department. For a period of approximately 19 years, respondent was an Assistant Attorney-General of the State of New York. He was discharged from that position in December of 1982 after an official investigation into operations at a Times Square establishment known as the Melody Theatre resulted in the commencement of criminal proceedings against him. Respondent and his partner, a lawyer admitted in New Jersey, were owners of the Melody Theatre, a burlesque house at which female dancers mingled with the audience. The patrons touched and fondled the women, and it is evident that certain "oral-genital" and "digital-genital" sex acts, for which the performers received payment, also took place.

Respondent was indicted on a felony charge of promoting prostitution in the third degree. The ensuing trial resulted in a mistrial after the jury reported that it was hopelessly deadlocked (by a vote of 6 to 6), and respondent subsequently pleaded guilty to the misdemeanor of promoting prostitution in the fourth degree. It is his contention that he chose to do so "[r]ather than go through the expense and bear the emotional cost of another trial". In his allocution, respondent admitted that he and his partner promoted certain sexual acts which they knew were being engaged in by performers at the Melody Theatre and that moneys were being paid to these performers. Respondent also acknowledged that the sexual acts included fondling of the breasts, touching of the vagina and oral-genital contact. In exchange for his plea, respondent was sentenced to a conditional discharge and, in addition, was fined $1,000.

Respondent's plea encompassed the two-year period from January 1981 through December 1982. During that time he and his partner operated the Melody Theatre as a money-making venture and promoted the sexual acts which occurred there. Respondent, however, insists that while he had knowledge of the sexual acts, he never believed that they constituted prostitution, and he certainly never shared in the tips given to the women by the customers. Indeed, he largely minimizes the nature of the offense to which he pleaded guilty, making reference to the fact that what is at issue here

is victimless adult entertainment and cannot be compared in severity to crimes entailing violence, drugs or other such serious misconduct. Respondent, moreover, points out that three different Judges dismissed prostitution charges brought against female dancers employed at the Melody Theatre. In fact, from the outset, respondent has apparently taken the position that what he did amounts to nothing more than an egregious error in judgment for which he has already been amply punished by the loss of his job and the pain and embarrassment suffered by him and his family.

Although respondent may not here relitigate the evidentiary basis of his conviction *(Matter of Levy,* 37 NY2d 279; *Matter of Lowell,* 88 AD2d 128), he unfortunately persists in presenting alleged facts for the purpose of casting doubt on his guilt. Even more significantly, it is clear from an examination of the record in this matter that respondent simply fails to recognize that his misdeeds constitute more than a regrettable error in judgment. On the contrary, as a result of his personal involvement in day-to-day operations over several years, he certainly knew or should have known, that he was not merely providing legitimate entertainment and that customers were being attracted to the theatre not by the artistic merits of the "performances" but rather by the sexual activities taking place there. Furthermore, while respondent may not have shared in the direct payments made to the "performers", he undoubtedly profited at the box office. Consequently, the nature of the misconduct at issue here is sufficiently serious to warrant the imposition of a suspension for a period of two years.

Accordingly, the petition is granted to the extent of confirming the findings of fact of the hearing panel and suspending respondent as an attorney and counselor-at-law for a period of two years and until further order of this court, effective 30 days from the date of this order.

CARRO, J. P., ASCH, FEIN, MILONAS and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years, effective April 14, 1986, and until the further order of this court.