■ In the Matter of KEVIN P. SULLIVAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [596 NYS2d 567] —Per Curiam. Respondent is a Minnesota attorney admitted to practice by this Court in 1985.

Petitioner, the Committee on Professional Standards, moves for an order imposing reciprocal discipline upon respondent pursuant to section 806.19 of this Court's rules (22 NYCRR 806.19) by reason of his recent suspension from the practice of law in Minnesota.

It appears from petitioner's papers that by order dated March 5, 1990, the Supreme Court of Minnesota suspended respondent from practice in that State for a period of four months, effective March 1, 1990, to be followed by a two-year probationary period. Respondent was found guilty on three counts of professional misconduct in Minnesota. According to the Minnesota Supreme Court, count one alleged that he failed to repay the entire amount of an overpayment of $615 on a client's fee. Count two alleged that, in connection with his purchase of a house "on a contract for deed" respondent failed to make payments in July and August of 1989 and instead made false statements to the seller about money orders he claimed were mailed in payment. In addition he mailed copies of money orders to the seller as proof of payment which he knew to be false. Count three alleged that respondent failed to file personal income tax returns with the State of Minnesota for 1987 and 1988 and with the Internal Revenue Service for 1988 and did not file the returns until after he was questioned by the Minnesota attorney disciplinary authorities in November 1989. On July 23, 1990, the Minnesota Supreme Court denied respondent's reinstatement petition on the ground that the Minnesota Office of Lawyers Professional Responsibility had made additional allegations of

misconduct against respondent necessitating a hearing. It does not appear that respondent has yet been reinstated to practice in Minnesota. Petitioner also reports that respondent has failed to re-register as an attorney in this State, as required by Judiciary Law § 468-a.

In view of respondent's suspension in Minnesota and his failure to appear upon or oppose the instant application, petitioner's motion is granted. It is further determined that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in Minnesota. *(See, e.g., Matter of Sneed,* 175 AD2d 310; *Matter of Weiss,* 164 AD2d 959.)*

Weiss, P. J., Mikoll, Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that Kevin P. Sullivan be and hereby is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of four months, effective immediately; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys. Ordered that Kevin P. Sullivan may apply for reinstatement upon furnishing satisfactory proof that he has been reinstated as a member of the State Bar of Minnesota and has otherwise complied with the provisions of section 806.12 (22 NYCRR 806.12) of the rules of this Court.