■ In the Matter of JOANNE M. GLAVIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [625 NYS2d 311] —Per Curiam. Respondent was admitted to practice by this Court in 1984 and resides in Albany County.

By petition dated April 14, 1994, the Committee on Professional Standards charged respondent with conversion and/or commingling of the funds of the estate of respondent's aunt, Ruth G. Glavin, and failure to deposit client and estate funds into appropriate accounts, all in violation of the Code of Professional Responsibility DR 1-102 (A) (4), (5), and (8) and DR 9-102 (A) and (B) (22 NYCRR 1200.3 [A], [4], [5], [8]; 1200.46 [A], [B]). Nine specifications are set forth under the charge.

After a hearing in September 1994, the Referee essentially sustained the specifications in his report but also found no improper intent on respondent's part. He also found that only one of decedent's six adult children, an estranged daughter, had any quarrel with respondent's efforts on behalf of the estate. Two of decedent's sons were the named co-executors of the will.

Petitioner moves to confirm the report and submits that the specifications as found by the Referee sustain the charge. Respondent joins petitioner's motion to confirm the report.

Decedent's children, with respondent's professional help, took steps prior to decedent's death on July 14, 1990, to transfer her assets to her children to avoid probate. It appears that decedent had given her blessing to these efforts. While decedent died somewhat unexpectedly, she had been hospitalized for about a month prior to her death. Her assets included bank accounts, stocks and bonds, and personal and household effects from her apartment. About a month after decedent's death, it became clear that estate assets still existed. In mid-November 1991, the will was admitted to probate and letters testamentary were issued to the named co-executors by the Albany County Surrogate. In the spring of 1993, the estranged daughter (the only child who resides in the Albany area) and a guardian ad litem appointed to protect the interests of her minor daughter filed objections to the estate accounting and a report critical of the handling of the estate. By decision dated October 25, 1993, the Surrogate ordered respondent's removal as attorney for the estate, citing impairment of independent professional judgment and the likelihood that respondent would be called as a witness at a hearing the Surrogate had ordered.

It is clear that respondent failed to exercise professionalism in rendering services to her aunt's estate and to the co-executors. In an attempt to avoid probate and handle the estate in an informal and expeditious manner, she imperiled estate assets by commingling them with her own assets and the assets of other family members, failed to establish and use a separate estate account, utilized a bewildering and unnecessary number of bank accounts and inter-account transfers, and improperly relied on an expired power of attorney from decedent to several of her children and respondent. However, we find respondent did not engage in this conduct for venal purposes and no actual harm to estate assets or to the interests of estate beneficiaries appears to have occurred. Indeed, the bulk of the estate assets had been distributed to the estate beneficiaries by the end of September 1990.

We grant petitioner's motion to confirm the Referee's report and sustain the single charge of professional misconduct, except insofar as it accused respondent of conversion and violating DR 1-102 (A) (4) (22 NYCRR 1200.3 [A] [4]).

Even when dealing with family matters, attorneys must

render their professional services in strict compliance with the Code of Professional Responsibility and zealously safeguard the funds of others. We hereby censure respondent for her failure to do so in this matter.

Mikoll, J. P., Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report be and hereby is granted; and it is further ordered that respondent be and hereby is found guilty of the single charge of professional misconduct, except insofar as the charge accused respondent of conversion and violating DR 1-102 (A) (4) (22 NYCRR 1200.3 [A] [4]); and it is further ordered that respondent be and hereby is censured.