■ In the Matter of JILL L. TERRY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [627 NYS2d 121] —Per Curiam. Respondent was admitted to the New Jersey bar in 1983 and to the New York bar by this Court in 1984. She maintained an office for the practice of law in New Jersey.

By order of the Supreme Court of New Jersey dated June 7, 1994, respondent was suspended from the practice of law for a period of three and a half years, effective September 4, 1990, and until further order of that court.

The Committee on Professional Standards now moves for an order reciprocally disciplining respondent pursuant to section 806.19 (22 NYCRR 806.19) of this Court's Rules. Petitioner also moves for an order directing respondent to register as an attorney and pay her registration fees. Respondent has not replied to the motion.

According to the order of the Supreme Court of New Jersey, respondent was temporarily suspended from practice on September 4, 1990. The June 7, 1994 order suspended her for her conduct in the handling of three matters, which included gross neglect, pattern of neglect, lack of diligence, failure to communicate, failure to deliver funds to a third party, and failure to cooperate with the ethics authorities. The order provided that, prior to reinstatement, respondent must demonstrate that she has successfully completed the core courses of a New Jersey skills training course and that she is psychiatrically fit to practice law. It also provided that upon reinstatement respondent would practice under the supervision of a proctor approved by the Office of Attorney Ethics for a period of two years.

In view of respondent's discipline in New Jersey and her failure to appear upon or oppose petitioner's motion, we grant the motion, including that portion seeking an order requiring respondent to register and pay all due registration fees, which appear to total $800. The registration and fee requirements are applicable to all admitted attorneys, except retired attorneys, whether or not they are in good standing (see, 22 NYCRR 118.1).

We further determine that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in New Jersey and that her reinstatement to the bar in New York be conditioned upon her furnishing satisfactory proof that she has been reinstated in New Jersey (see, e.g., Matter of Sullivan, 192 AD2d 866).

Cardona, P. J., Crew III, White, Casey and Peters, JJ., concur. Ordered that petitioner's motion be and hereby is granted; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of three and a half years, effective September 4, 1990, and until further order of this Court; and it is further ordered that respondent shall comply with the attorney registration requirements set forth in Judiciary Law § 468-a and section 118.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR 118.1); and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys. Ordered that respondent may apply for reinstatement upon furnishing satisfactory proof that she has been reinstated as an attorney in New Jersey and that she has otherwise complied with the provisions of section 806.12 (22 NYCRR 806.12) of the Rules of this Court.