■ In the Matter of JOSEPH F. BOLLETTIERI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [639 NYS2d 504] —Per Curiam.

By petition dated July 18, 1995, petitioner, the Committee on Professional Standards, accused respondent of failure to honor an escrow agreement, in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3) and DR 9-102 (B) and (C) (22 NYCRR 1200.46) (charge I); failure to account for funds coming into his possession, in violation of DR 1-102 (A) (4), (5) and (8) and DR 9-102 (B) and (C) (charge II); failure to maintain an escrow account, in violation of DR 1-102 (A) (5) and DR 9-102 (B) (charge III); converting and/or commingling the funds of a client and a third party, in violation of DR 1-102 (A) (4), (5) and (8) and DR 9-102 (A) and (B) (charge IV); and failure to comply with the attorney registration requirements, in violation of DR 1-102 (A) (5) and (8). After a hearing, the Referee sustained the charges except for specification three of charge II, which specification has now been withdrawn by petitioner. Petitioner moves to confirm the report and respondent does not oppose the motion.

Respondent agreed to hold the proceeds from the sale of a marital dwelling in escrow pending final resolution of respondent's client's divorce. He failed to do so. Instead, he caused most of the $35,833.60 to be placed in trust accounts of which his client was a beneficiary and released some of the funds to pay his client's debts and to unsuccessfully prop up his client's failing business. Thereafter, respondent failed to account to his client's wife or to her attorney for the funds so distributed.

Apart from violating the terms of the escrow agreement, respondent's failure to establish an " 'Attorney Special Account' " or an " 'Attorney Trust Account' " to maintain the proceeds from the sale of the marital residence violated DR 9-102 (B) (1) and (2) and 22 NYCRR part 1400, pertaining to domestic relations matters. These acts constituted conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5). Furthermore, the deposit of $1,581.88 into his personal

checking account and its expenditure, constituted both a prohibited commingling and a conversion of funds (even though respondent may have had a legitimate claim to the funds if they had been held in a properly established escrow account). Finally, respondent's failure, despite repeated requests from petitioner, to comply with the attorney registration requirements (see, Judiciary Law § 468-a; 22 NYCRR 118.1) since his admission to practice, invite sanction.

We have considered respondent's expression of remorse and his apparent lack of larcenous intent. Nevertheless, in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we conclude that respondent should be suspended from practice for a period of six months. Respondent is also directed, despite his suspended status, to register and pay all due registration fees (see, Matter of Terry, 215 AD2d 939).

Cardona, P. J., Mercure, White, Casey and Spain, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report be and hereby is granted; and it is further ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition, except for specification 3 of charge II which has been withdrawn by petitioner; and it is further ordered that respondent be and hereby is suspended from practice for a period of six months, effective 20 days from the date of this order, and until further order of this Court, and it is further ordered that respondent comply with the attorney registration requirements set forth in Judiciary Law § 468-a and 22 NYCRR 118.1; and it is further ordered that, for the period of suspension, respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counsellor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another any opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of 22 NYCRR 806.9 regulating the conduct of disbarred, suspended or resigned attorneys.