(January 23, 1998)

■ In the Matter of STEVEN M. OLITSKY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [667 NYS2d 320] —Per Curiam. Respondent was admitted to practice by this Court in 1983. He has maintained his law office in New Jersey, where he was admitted to practice in 1976.

Effective June 1, 1997, the Supreme Court of New Jersey suspended respondent from practice for a period of three months. That court's Disciplinary Review Board had found that respondent violated various rules regulating the maintenance of attorney escrow accounts and engaged in conduct involving dishonesty, deceit or misrepresentation by using his attorney trust account to avoid levy by the Internal Revenue Service on his business account.

The suspension order conditioned respondent's reinstatement on submission of competent psychiatric proof that he is fit to practice law. During the one-year period after his reinstatement, the order required respondent to complete 10 hours of courses in professional responsibility and 10 hours of courses in accounting and to submit quarterly certifications confirming that his attorney accounts were being maintained in accordance with relevant rules.

By order filed October 20, 1997, the Supreme Court of New Jersey denied respondent's petition for reinstatement and continued his suspension pending the disposition of a substantial number of ethics grievances and complaints pending against respondent in New Jersey.

Petitioner, the Committee on Professional Standards, requests an order imposing reciprocal discipline upon respondent pursuant to this Court's rule (22 NYCRR 806.19). Although respondent has submitted a letter opposing the motion, he has not set forth any of the defenses to reciprocal discipline enunciated by the rule (22 NYCRR 806.19 [c]).

Under the circumstances presented and in the interest of justice, we grant petitioner's motion and conclude that respondent should be suspended from practice in this State until such time as he is reinstated to practice law in the State of New Jersey (see, e.g., Matter of Pollan, 227 AD2d 653; Matter of Pisacane, 220 AD2d 981; Matter of Terry, 215 AD2d 939).

Mercure, J. P., Crew III, White, Peters and Carpinello, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from practice, effective immediately, until such time as he is reinstated to the practice of law in the State of New Jersey and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of suspended attorneys.