■ In the Matter of BARRY S. MITTELBERG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [736 NYS2d 124] —Per Curiam. Respondent was admitted to practice by this Court in 1984. He maintained his office for the practice of law in Florida, where he was also admitted to practice in 1984.

By order of the Supreme Court of Florida, respondent was suspended from practice in that jurisdiction for a period of nine months, effective January 1, 2001. He is also required to compensate two clients for their monetary losses resulting from his misconduct and reimburse the Florida Bar for its

costs incurred in the disciplinary proceeding. Following reinstatement in Florida, respondent is required to serve a two-year period of trust accounting probation, with random audits to be conducted at the discretion of the Florida Bar.

The Referee's report in the Florida proceeding, upon which discipline was based, found that respondent told a fabricated story to a client to cover up the mistaken dismissal of the client's action; he also paid the client a purported settlement amount. The report also found that respondent improperly made a loan to another client in connection with his firm's representation of her. Finally, the report stated that he negligently handled trust funds, failed to perform monthly reconciliations, mishandled a line of credit extended by a client, and engaged in extensive commingling. The Referee did not find that respondent's misconduct was for financial gain and he noted that respondent had a clean disciplinary record in Florida.

Petitioner moves to reciprocally discipline respondent (see, 22 NYCRR 806.19). Respondent consents to a nine-month suspension, effective as of the effective date of his suspension in Florida.

We grant petitioner's motion and conclude that respondent should be reciprocally suspended for a period of nine months, effective January 1, 2001, and until further order of this Court. Upon any application for reinstatement in New York, respondent must make the showing required by this Court's rules (see, 22 NYCRR 806.12 [b]) and submit proof of reinstatement in Florida (see, e.g., Matter of Terry, 215 AD2d 939).

Spain, J. P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of nine months, effective January 1, 2001, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, and from giving to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that, upon any application for reinstatement, respondent shall make the showing required by this Court's rules (see, 22 NYCRR 806.12 [b]) and shall submit proof of reinstatement in Florida; and it is further ordered that respondent shall comply with the provisions of this Court's

rules (*see*, 22 NYCRR 806.9) regulating the conduct of suspended attorneys.