■ In the Matter of PHILIP J. DEVINE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [824 NYS2d 784]—

Per Curiam. Respondent was admitted to practice by this Court in 1961. He maintains an office for the practice of law in the City of Oneonta, Otsego County.

Having reviewed a Referee's report issued after a hearing and having considered petitioner's motion to confirm the report in part and to disaffirm the report in part and respondent's reply to the motion, we find respondent guilty of the following professional misconduct. Respondent distributed advance commissions to the executors of an estate without court approval, in violation of this Court's attorney disciplinary rules (*see* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]) and SCPA 2311. He then filed a petition for judicial settlement of account of the estate with the Surrogate's Court which failed to disclose the advance executors' commissions, which totaled $20,000 between 1996 and 2000 (*see* DR 1-102 [a] [4], [5], [7]; DR 7-102 [a] [3] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.33 (a) (3)]). After realizing his error but prior to filing the petition, respondent deposited $20,000 of his own funds into the estate account to replace the improperly advanced commissions and to avoid the embarrassment of disclosure. Respondent engaged in a conflict of interest by loaning funds of the estate ($14,500) to an individual with whom respondent had an ongoing business relationship, without full disclosure to the executors or obtaining their prior consent (*see* DR 5-101 [22 NYCRR 1200.20]). Since he did not have explicit authority to make a transfer from the estate account to his personal account for this loan, respondent converted estate funds (*see* DR 1-102 [a] [5], [7]; DR 9-102 [a], [e] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a), (e)]). We find that the conversion was not motivated by any larcenous intent.

We confirm the Referee's report insofar as it made findings consistent with this decision and we disaffirm the report insofar as it made inconsistent findings. We grant petitioner's motion in part and disaffirm the report in part, accordingly.

Under all of the circumstances presented, we conclude that censure is the appropriate disciplinary sanction (*see e.g. Matter of Glavin*, 214 AD2d 803 [1995]).

Cardona, P.J., Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that respondent is found guilty of the profes-

sional misconduct set forth in charges I, II and IV of the petition and charge III of the petition insofar as it alleges violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) and DR 9-102 (a) and (e) (22 NYCRR 1200.3 [a] [5], [7]; 1200.46 [a], [e]); and it is further ordered that the Referee's report is confirmed insofar as it made findings consistent with this decision and is disaffirmed insofar as it made inconsistent findings; and it is further ordered that petitioner's motion is granted in part and denied in part in accordance with this decision; and it is further ordered that respondent is censured.