In the Matter of SHOLOM B. KOPLOVITZ and JOSHUA N. KOPLOVITZ, Attorneys, Respondents. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [880 NYS2d 214]—

Per Curiam. Respondent Sholom B. Koplovitz was admitted to practice by this Court in 1964 and maintained a law office in the City of Albany. He is currently retired and resides in Florida. Respondent Joshua N. Koplovitz was admitted to practice by this Court in 1961 and maintains a law office in Ulster County. Respondents are brothers.

By petition filed in September 2007, petitioner charged respondents with having converted funds from an estate in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) and DR 9-102 (22 NYCRR 1200.3 [a] [4], [5], [7];

1200.46) (charge I), with having distributed advanced executors' commissions to themselves without court approval in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and SCPA 2311 (charge II), and with having engaged in a conflict of interest in violation of Code of Professional Responsibility DR 5-101 (22 NYCRR 1200.20) (charge III). The specifications of charge I allege that the will of respondents' uncle left several monetary bequests to respondents and the uncle's niece, respondents' cousin. The will also established two trusts from the residuary estate and named respondents as executors and co-trustees of the trusts. Each trust had an intended beneficiary, namely, one of the uncle's sisters. Upon termination of the trusts, the remaining trust funds were to be paid in equal shares to respondents and their cousin. One trust terminated before the uncle's death and that half of the residuary estate duly passed in equal shares to respondents and the cousin. With respect to the other trust, respondents alternately provided for the trust beneficiary by purchase of an annuity and, thereby, accelerated the distribution of the remainder of that trust's funds to themselves and the cousin, contrary to the express terms of the will. In March 2007, the Onondaga County Surrogate's Court issued a decision granting a revocation petition filed by the trust beneficiary on the statutory ground that respondents improperly applied the assets of the estate.

After a hearing, a Referee sustained all charges and specifications and we confirm his report and find respondents guilty of the professional misconduct set forth in the petition. Respondents admittedly failed to exercise the professionalism due the estate and trust. Certainly, under all circumstances, attorneys must render their professional services in strict compliance with the Code of Professional Responsibility and zealously safeguard the funds of others (see e.g. Matter of Glavin, 214 AD2d 803, 804-805 [1995]).

In determining an appropriate disciplinary sanction, we measure respondents' serious misconduct against the mitigating circumstances. Respondents have presented very persuasive testimony and affidavits from various individuals attesting to their exemplary careers and reputations. In addition, they have made full restitution. There has been no monetary loss to the trust or estate. Respondents have expressed remorse, and their misconduct clearly appears to have been an aberration rather than part of a pattern of behavior. They also have no public disciplinary records. We further consider that the purposes of a disciplinary sanction include protection of the public, deterrence

of similar misconduct, and preservation of the reputation of the bar (*see Matter of Levy*, 37 NY2d 279, 282 [1975]; *Matter of Bollettieri*, 225 AD2d 887 [1996]). The main purpose is the protection of the public (*see Matter of Levy, supra*). The Referee, who assessed respondents' character and the weight to be accorded the character witnesses' testimony, concluded that there is "no need to protect present or future clients from these particular lawyers."

In view of the above, we conclude that the purposes of a disciplinary sanction in this case can best be met by imposing stayed suspensions upon respondents. We, therefore, suspend respondents from the practice of law for a period of one year, effective immediately, and until further order of this Court, but stay said suspensions upon the condition that during the one-year period, respondents comply with the statutes and rules regulating attorney conduct and that each respondent complete six credit hours of accredited continuing legal education in ethics and professionalism in addition to the CLE required of all attorneys. Respondents may apply to terminate the suspensions after one year. Any such application shall include documentation of completion of the required CLE and shall be served upon petitioner who may be heard thereon.

Cardona, P.J., Mercure, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondents are found guilty of the professional misconduct charged and specified in the petition of charges; and it is further ordered that respondents are each suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court, which suspensions are stayed upon the terms and conditions set forth in this Court's decision.