■ In the Matter of ELBERT H. WATROUS JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [906 NYS2d 145]—

Per Curiam. Respondent was admitted to practice by this Court in 1967. He maintained an office for the practice of law in the City of Schenectady, Schenectady County, where he currently resides.

In his amended answer, respondent has admitted to the acts of professional misconduct contained in the petition of charges stemming from his role as power of attorney and attorney for his deceased aunt.* As set forth in the petition, we find that respondent failed to maintain complete records and account for a

* All conduct occurred between 1992 and 1995, prior to the April 1, 2009 enactment of the Rules of Professional Conduct.

portion of his aunt's funds from 1992 until her death in 1995 (*see* former Code of Professional Responsibility DR 1-102 [a] [5]; DR 9-102 [c], [d] [22 NYCRR 1200.3 (a) (5); 1200.46 (c), (d)]); he engaged in deceptive conduct by invading his aunt's assets, which conduct was prejudicial to the administration of justice and adversely reflected on his fitness as a lawyer (*see* former Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]); he engaged in a conflict of interest (*see* former Code of Professional Responsibility DR 5-101 [22 NYCRR 1200.20]); and he converted estate funds (*see* former Code of Professional Responsibility DR 1-102 [a], [4], [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (a)]).

Respondent's handling of his aunt's affairs, as her power of attorney and attorney, was the subject of a protracted and contentious Surrogate's Court proceeding that continued for over seven years. That proceeding resulted in a stipulation and final decree settling the aunt's estate wherein respondent reimbursed the estate, of which he was a lawful distributee, for money and property for which he could not account. Respondent paid restitution to the estate in the amount of $2,383.11.

In mitigation, respondent expresses remorse for his admitted misconduct, cites serious personal problems at the time, notes his career in public service, including having served as Schenectady County District Attorney from 1971 until 1977, and thereafter as Schenectady County Public Defender from 1996 until 2004, and further notes his otherwise unblemished disciplinary record. Respondent states that he stopped practicing law in January 2010.

Despite the mitigating factors cited by respondent, he has admitted to very serious professional misconduct. In determining an appropriate disciplinary sanction, and noting that the primary concern of attorney discipline is the protection of the public (*see Matter of Levy*, 37 NY2d 279, 282 [1975]; *Matter of Koplovitz*, 62 AD3d 1205 [2009]), we conclude that respondent should be suspended from the practice of law for a period of five years, effective immediately, and until further order of this Court.

Spain, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that respondent is found guilty of the charges set forth in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of five years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in

any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).