■ In the Matter of RICHARD P. URDA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [953 NYS2d 707]—

Per Curiam. Respondent was admitted to practice by this Court in 1988 and maintains an office for the practice of law in the City of Ithaca, Tompkins County.

The issues raised by a petition of charges and respondent's answer were referred to a Referee who held a hearing and is-

sued a report sustaining certain charges (*see* 22 NYCRR 806.5). Petitioner moved and respondent cross-moved to confirm the report in part and to disaffirm it in part. We grant and deny the motion and cross motion in accordance with our conclusions as set forth in this decision.

The Referee found, and we agree, that while representing a client in a criminal matter, an attorney-client relationship was created during a phone conversation between respondent and his client's girlfriend who had accused the client of criminal activity. Likewise, a preponderance of the evidence supports the Referee's determination that by using information gleaned during the phone call to cross-examine the girlfriend, respondent used information related to the representation of the client to the detriment of the client, engaged in a conflict of interest by offering to represent the girlfriend, and initially communicated with an unrepresented person without advising her to seek independent counsel though her interests had a reasonable possibility of being in conflict with his client's interests (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.7 [a] [1]; 1.8 [b]; 4.3).

In a matrimonial matter, the Referee found, and we concur, that respondent did not comply with the rules governing representation of clients in domestic relations matters because he failed to enter into a written retainer agreement, failed to provide his client with a statement of client's rights and responsibilities, and failed to bill his client at least every 60 days during the course of his representation (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.5 [d] [5] [ii]; [e]; 1400.2).

Under all of the circumstances presented, including respondent's otherwise unblemished disciplinary record, we conclude that respondent should be suspended from the practice of law for a period of one year. However, we stay said suspension upon the condition that during the one-year period, respondent comply with the statutes and rules regulating attorney conduct, that he not be the subject of any further disciplinary action and that he completes six credit hours of accredited continuing legal education (hereinafter CLE) in ethics and professionalism in addition to the CLE required of all attorneys (*see* 22 NYCRR part 1500). Respondent may apply to terminate the suspension after one year. Any such application shall include documentation of completion of the required CLE and shall be served upon petitioner, who may be heard thereon (*see e.g. Matter of Koplovitz*, 62 AD3d 1205 [2009]).

Peters, P.J., Malone Jr., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that, to the extent that petitioner moves to

confirm the Referee's report, the motion is granted; and it is further ordered that, to the extent that petitioner moves to disaffirm the Referee's report, the motion is denied; and it is further ordered that, to the extent that respondent cross-moves to disaffirm the Referee's report, the cross motion is denied; and it is further ordered that, to the extent that respondent cross-moves to confirm the Referee's report, the cross motion is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition of charges as set forth in charge I, specification 1; charge II, specification 1; charge III, specification 1; and charge VII, specification 1; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.