[965 NYS2d 917]

In the Matter of THOMAS J. BARNES, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 7, 2013

APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Thomas J. Barnes,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 26, 1986. On April 6, 2012, he was convicted upon his plea of guilty in the United States District Court for the Western District of New York (District Court) of violating 18 USC § 664, a federal felony. Respondent admitted that, between April 2005 and January 2007, he converted to his own use and to the use of another funds or other assets belonging to an employee pension benefit plan. This Court determined that a violation of 18 USC § 664 is a serious crime within the meaning of Judiciary Law § 90 (4) (d) and, on May 22, 2012, entered an order suspending respondent and directing him to show cause why a final order of discipline should not be entered (*Matter of Barnes,* 96 AD3d 1510 [2012]). On August 1, 2012, respondent was sentenced in District Court to a two-year term of probation, including home confinement for a period of eight months. District Court additionally directed respondent to make restitution to the pension plan in the amount of $69,894.51. After respondent was sentenced in District Court, this Court appointed a referee to conduct a hearing pursuant to Judiciary Law § 90 (4) (h). The Referee has submitted a report, which the Grievance Committee moves to confirm. Respondent appeared before this Court on the return date of the motion and was heard in mitigation at that time. Following the appearance, respondent was granted leave to submit to this Court additional materials in mitigation.

When an attorney is subjected to disciplinary proceedings arising from his or her conviction of a crime, although the issue of guilt may not be relitigated, the attorney may present evidence to explain or to mitigate the significance of the criminal conviction (*see Matter of Levy,* 37 NY2d 279, 280 [1975]).

The Referee recommended that disbarment was the appropriate sanction in this matter on the grounds that respondent's conviction resulted from a lengthy and ongoing course of willful criminal conduct, and that respondent during the hearing failed to express remorse for his crime and otherwise failed to present any compelling mitigating factors. Although we agree with the

Referee that respondent's misconduct warrants a substantial sanction, we decline to adopt the Referee's recommendation that disbarment is appropriate in this matter.

Several character witnesses testified at the hearing that, prior to the events that gave rise to respondent's criminal conviction, respondent was successful in various business endeavors and had earned a reputation as an ethical and trustworthy attorney and businessperson. The evidence admitted at the hearing further establishes that, in early 2005, respondent became the sole shareholder of a company known as Franbilt, Inc. (Franbilt) with the intention of developing a profitable business. The company almost immediately thereafter experienced substantial financial difficulties, and respondent admittedly failed to maintain a sufficient balance in the company's employee pension fund. In January 2007, the company was closed and approximately 50 employees were laid off. As a result, respondent incurred substantial financial losses, his creditors commenced an involuntary personal bankruptcy proceeding against him, and his home became the subject of a foreclosure proceeding. In 2012, respondent was convicted in District Court and, in sentencing respondent to a nonguideline sentence of probation with a period of home confinement rather than incarceration, the court noted respondent's expression of genuine remorse, his payment of full restitution to Franbilt's pension plan, and the numerous letters of support submitted to the court from individuals who attested to respondent's good character and the aberrational nature of the misconduct.

In determining an appropriate sanction in this matter, we have considered the factors set forth above, as well as respondent's expression of remorse to this Court, his previously unblemished record and the fact that the misconduct was unrelated to the practice of law. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for three years, effective May 22, 2012, or until the termination of his federal term of probation, whichever period is longer, and until further order of this Court.

CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN and MARTOCHE, JJ., concur.

Final order of suspension entered.