Matter of Vichinsky (2018 NY Slip Op 00779)





Matter of Vichinsky


2018 NY Slip Op 00779


Decided on February 2, 2018


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Feb. 2, 2018.)


&em;

[*1]MATTER OF AMY VICHINSKY, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 21, 2010, and she formerly maintained an office in Steuben County. On July 28, 2016, she was convicted upon her plea of guilty in Steuben County Court of attempted falsifying business records in the first degree (Penal Law §§ 110.00, 175.10). During the plea colloquy, respondent admitted that, in December 2015, she submitted to an assigned counsel program a voucher wherein she overstated the time she had spent meeting with certain clients and the expenses she had incurred in relation to three client matters. On October 12, 2016, the court sentenced respondent to a one-year conditional discharge and 200 hours of community service. In August 2017, respondent notified the Grievance Committee of the conviction, at which time she asserted various matters in mitigation, including that her conduct underlying the conviction occurred while she was caring for seriously ill relatives and that the false voucher was primarily attributable to inadvertence and inexperience with assigned counsel billing procedures. Respondent further asserted that she had not, in fact, committed the crime of attempted falsifying business records in the first degree, that she had not acted with fraudulent intent, and that her guilty plea was a "lie" to avoid a trial before a judge who "had his mind made up" prior to trial. Respondent additionally stated that, after criminal charges were lodged against her, she suffered from various physical and mental health problems, which contributed to her failure to report the conviction to this Court within 30 days thereof (see Judiciary Law § 90 [4] [c]). In October 2017, the Grievance Committee filed with this Court proof of the conviction and, on October 25, 2017, the Court entered an order determining that respondent had been convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d), suspending her on an interim basis, and directing her to show cause why a final order of discipline should not be entered. In response to the show cause order, respondent filed a written statement in mitigation and, on December 5, 2017, she appeared before this Court and was heard in mitigation. In both her written statement and verbally before this Court, respondent reiterated to this Court many of the matters she had asserted in her written submission to the Grievance Committee.
In determining an appropriate sanction, we have considered the aforementioned matters in mitigation asserted by respondent. In our view, however, many of those assertions evince respondent's factually unsupported belief that she was unfairly convicted of a crime she did not commit. By virtue of her guilty plea, respondent admitted that she filed a false assigned counsel voucher with the requisite fraudulent intent. It is well settled that respondent is precluded from relitigating that issue in this proceeding (see Matter of Levy , 37 NY2d 279, 281 [1975]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year, effective October 25, 2017, and until further order of this Court. We further direct that, in the event that respondent applies to this Court for reinstatement following the period of suspension, the application must comply with the Appellate Division rule governing reinstatement of suspended attorneys (22 NYCRR 1240.16), and additionally satisfy the conditions set forth in the order entered herewith, including the submission of a medical report establishing that respondent possesses the mental and physical fitness to practice law, proof that she has completed 16 credit hours of continuing legal education concerning client billing and legal ethics, and proof that she has engaged a mentor attorney who will monitor her law practice for a period of two years to ensure that she is practicing law in a competent and professional manner.