[19 NYS3d 763]

In the Matter of Paul Nicholas Lovegrove, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, December 2, 2015

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Long Tuminello, LLP*, Bay Shore (*Michelle Aulivola* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

On February 15, 2012, the respondent pleaded guilty in the Supreme Court, Suffolk County, to criminal facilitation in the fourth degree, a class A misdemeanor, in violation of Penal Law § 115.00. On January 8, 2015, the respondent was sentenced to 840 hours of community service (in lieu of a definite term of incarceration of six months in the Suffolk County jail) and a period of probation of three years, and was required to forfeit the sum of $7,500, which sum was tendered on the date of sentencing. The Supreme Court granted the respondent a certificate of relief from civil disabilities.

By decision and order on motion dated March 4, 2013, this Court determined that the respondent's conviction constituted a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b), and authorized the Grievance Committee for the Tenth Judicial District to institute and prosecute a disciplinary proceeding against the respondent based upon his conviction of a serious crime. However, this Court vacated the automatic suspension resulting from the respondent's conviction of a serious crime. In that decision and order on motion, this Court also directed the Grievance Committee to serve and file a petition, directed the respondent to serve an answer to the petition, and referred the issues raised by the petition and any answer thereto to the Honorable Lewis Douglass, as Special Referee, to hear and report.

On or about April 10, 2013, the respondent was served with a verified petition containing one charge of professional misconduct. After a prehearing conference on February 24, 2015 and a hearing on April 16, 2015, the Special Referee issued a written report sustaining the charge. The Grievance Committee now moves to confirm the report of the Special Referee, and for the imposition of such discipline as this Court deems just and proper. The respondent, by his attorney, respectfully requests that this Court issue an order referring this matter back to the Grievance Committee for a private sanction, if any, which does not preclude his continued practice of law, together with such other and further relief as this Court deems just and proper.

Charge one of the petition alleges that the respondent engaged in professional misconduct as defined in Rules of the

Appellate Division, Second Department (22 NYCRR) § 691.2 based upon his conviction of criminal facilitation in the fourth degree in violation of Penal Law § 115.00. Specifically, on January 30, 2009, while acting as a lender's attorney, settlement agent, and buyer's attorney in a residential real estate transaction, the respondent signed a HUD-1 settlement statement (hereinafter the HUD-1) that misrepresented the buyer's financial contribution toward the purchase of the property, which misrepresentation was relied upon by the lender in disbursing funds in the sum of approximately $360,000 in support of the buyer's purchase.

At the hearing, the respondent testified that near the end of the closing, when all documents were duly executed, he requested a copy of the balance check representing the $40,000 due above the $360,000 of mortgage proceeds. He was assured by all parties to the transaction—the seller, the buyer, and the lender's representative—that the buyer had tendered the funds for the balance to the seller prior to the closing. Based upon those assurances, the respondent signed the HUD-1. In fact, the $40,000 had not been paid.

The respondent testified that he should not have signed the HUD-1 without first seeing the balance check. However, he testified that at the time that he signed the HUD-1, he did not know that it was not correct. While the Grievance Committee contends that the respondent's testimony in this regard should be discounted as it contradicts the essential element of the crime to which he pleaded guilty, the respondent is entitled to "introduce any competent evidence by means of which to explain or mitigate the significance of his criminal conviction" (Matter of Levy, 37 NY2d 279, 281 [1975]).

Based upon the evidence adduced, we find that the Special Referee properly sustained charge one, and the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, this Court has considered the Special Referee's finding that the respondent "did not know that he was involved in an illegal scheme," the isolated and singular nature of the misconduct in a career spanning approximately 30 years, the absence of personal profit, the respondent's expressed remorse, the testimony of the character witnesses as to the respondent's integrity and reputation for excellence, and his unblemished disciplinary record.

Under the totality of the circumstances, the respondent is publicly censured.

ENG, P.J., RIVERA, DILLON, BALKIN and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Paul Nicholas Lovegrove, is publicly censured for his professional misconduct.