[63 NYS3d 874]

In the Matter of ALLISON J. BOYD (Admitted as ALLISON B. CRAIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 15, 2017

### APPEARANCES OF COUNSEL

*Catherine A. Sheridan*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

*James H. Bowers*, Babylon, for respondent.

### OPINION OF THE COURT

Per Curiam.

On December 22, 2015, the respondent pleaded guilty before the Honorable Martin I. Efman, in the Supreme Court, Suffolk County, to criminal facilitation in the fourth degree, in violation of Penal Law § 115.00, a class A misdemeanor. On March 16, 2016, she was sentenced to three years of probation and directed to pay a surcharge of $175, a DNA fee of $50, and a crime victims assessment fee of $25.

At her plea allocution, the respondent admitted that at a real estate closing held at her law office on September 18, 2007, she acted as the settlement agent for the lender and represented the buyer, believing it probable that she was rendering aid to the seller, Jacqueline Singotiko, who intended to commit a crime, and that she engaged in conduct which provided Singotiko the means or opportunity to commit a felony, namely, grand larceny in the second degree, by obtaining, through an act of mortgage fraud, a $264,000 mortgage loan from the lender.

By decision and order on motion dated February 10, 2017, as amended February 24, 2017, on the Court's own motion, upon the affirmation of the Grievance Committee for the Tenth Judicial District dated May 19, 2016, advising the Court that the respondent was convicted of a serious crime, and an affirmation of the respondent dated June 17, 2016, in response

thereto, this matter was referred to the Honorable Michael F. Mullen, as Special Referee, to hear and report. Following a hearing on April 4, 2017, the Special Referee issued a report. The Grievance Committee now moves to confirm the Special Referee's report to the extent that the report sets forth the facts and circumstances of the underlying conviction and the mitigating evidence offered by the respondent, and for the imposition of such discipline as the Court deems just and appropriate. The respondent accepts the findings in the Special Referee's report and raises no objection to the report.

The hearing evidence revealed that the respondent was unaware at the time of the transaction that the buyer was a "straw buyer." At the closing, when the respondent requested that the buyer produce a check for the balance due, she was told that the seller, Singotiko, did not expect payment, as Singotiko and the buyer were business partners and involved in other matters. The respondent did not insist on the balance due, which the respondent acknowledged, in hindsight, was a failure in judgment.

In mitigation, the respondent asked that the Court consider the following factors: she has an unblemished disciplinary history; the incident was an isolated occurrence in a career spanning 27 years; she was unaware of the fraudulent scheme; she did not personally profit from the transaction; and she is genuinely remorseful for her mistake.

The Special Referee noted in his report that the incident occurred 10 years ago, the respondent cooperated with law enforcement authorities, the respondent has an "outstanding" reputation for helping people in her community and is remorseful, and the respondent did not personally profit in any way.

Based on the evidence establishing the respondent's conviction, her admissions, and the mitigating evidence presented, we find that discipline should be imposed. Accordingly, the Grievance Committee's motion is granted.

Under the totality of circumstances, we find that a public censure is warranted (*see Matter of Lovegrove*, 136 AD3d 10 [2015]).

ENG, P.J., MASTRO, RIVERA, DILLON and HALL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report to the extent that the report sets forth the facts and circumstances of the underlying conviction and the mitigating evidence offered by the respondent is granted; and it is further,

Ordered that the respondent, Allison J. Boyd, admitted as Allison B. Crain, is publicly censured.