Matter of Shore (2018 NY Slip Op 04737)





Matter of Shore


2018 NY Slip Op 04737


Decided on June 27, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS, JJ.


2016-11652

[*1]In the Matter of Sam Z. Shore, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Sam Z. Shore, respondent. (Attorney Registration No. 2493906)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on June 22, 1992. By decision and order of this Court dated April 20, 2017, inter alia, the respondent was immediately suspended pursuant to Judiciary Law § 90(4)(f) based on his conviction of a serious crime, and the respondent was directed to show cause at a hearing pursuant to 22 NYCRR 1240.12(c)(2) before the Honorable John Kase, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime.



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.
Long Tuminello, LLP, Bay Shore, NY (Michele Aulivola of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On April 29, 2014, as amended on March 11, 2016, the respondent pleaded guilty, in the Supreme Court, Suffolk County, before the Honorable Martin I. Efman, to 11 counts of criminal facilitation in the fourth degree, in violation of Penal Law § 115.00, a class A misdemeanor, and 6 counts of petit larceny, in violation of Penal Law § 155.25, a class A misdemeanor. On March 11, 2016, he was sentenced to a probationary period of three years on each count, to run concurrently, and directed to perform 420 hours of community service and pay a $50 DNA fee. In addition, the respondent agreed to make restitution to Meridian Mortgage in the sum of approximately $200,000, and to pay a forfeiture to the Suffolk County District Attorney in the sum of $4,000.
As revealed in the plea minutes, from in and about September 2007 to April 2008, the respondent "engage[d] in conduct, believing it to be probable, that [he was] rendering aid to . . . Boris Matsokhin and others, to aid such person to commit a felony, including grand larceny in the second degree and residential mortgage fraud." More specifically, the respondent provided false documentation, including HUD-1 forms, to facilitate numerous fraudulent mortgage transactions. In exchange for his cooperation with the Suffolk County District Attorney the respondent was permitted to plead guilty to misdemeanor offenses.
In a report dated September 6, 2017, the Special Referee noted, with regard to mitigation: "Beyond any doubt the respondent is a well-respected religiously participating person who in his community . . . does charitable work and pro bono service. He is a family man." The Special Referee concluded: "Mr. Shore is aware of his mistake and accepted responsibility for it. He has cooperated with the government and leniency . . . is appropriate."
The Grievance Committee for the Tenth Judicial District moves to confirm the report of the Special Referee. In response to the motion, the respondent asks for leniency, pointing to the mitigating evidence presented, which includes his good character and high moral standards, his reputation for honesty and integrity, his prodigious commitment to charity and helping others, his devotion to family, his limited role as the closing attorney in the subject real estate transactions, and his cooperation with the Suffolk County District Attorney that resulted in the successful investigation and prosecution of other mortgage fraud crimes. The respondent specifically requests that the time served under his interim suspension be deemed sufficient discipline for his offenses.
Notwithstanding the aforementioned mitigation, including the respondent's remorse and the absence of a prior disciplinary history, the respondent's transgressions, while limited as far as his role in the mortgage fraud scheme, were repeated and significant. He was initially charged with 17 felony counts, but under a plea agreement with law enforcement authorities, the respondent was permitted to plead to only misdemeanor offenses in exchange for his cooperation in assisting the authorities with other arrests and prosecutions. The scope and magnitude of the respondent's wrongdoing is reflected in his plea of guilty to 11 counts of criminal facilitation in the fourth degree and 6 counts of petit larceny. The sheer number of offenses distinguishes this matter from Matter of Lovegrove (136 AD3d 10), relied on by the respondent. The respondent, an experienced attorney who was meticulous in his handling of closings, should have known that the subject real estate transactions were less than bona fide.
Under the totality of the circumstances, we conclude that the respondent's criminal conduct warrants a suspension from the practice of law for two years, with no credit for the time elapsed under the interim suspension order.
SCHEINKMAN, P.J., MASTRO, BALKIN, LEVENTHAL and CHAMBERS, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Sam Z. Shore, is suspended from the practice of law for a period of two years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 27, 2019. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Sam Z. Shore, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Sam Z. Shore, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Sam Z. Shore, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court